UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **FRANK SACO,** | CIVIL ACTION |
| Plaintiff, | NO. 03-12551-MBB |
| VS. |  |
| **TUG TUCANA and** |  |
| **TUG TUCANA CORPORATION,** |  |
| Defendants. |  |

### DEFENDANT, TUG TUCANA CORPORATION'S, OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR EXPERT DISCLOSURE AND TO AMEND SCHEDULING ORDER AND ITS MOTION FOR ORDER TO REOPEN THE DEPOSITION OF THE PLAINTIFF

Now comes the defendant, Tug Tucana Corporation, in the above entitled action, by and through its undersigned counsel, and hereby files its opposition to plaintiff's Motion for Extension of Time for Expert Disclosure and to Amend Scheduling Order and its Motion for Order to Reopen the plaintiff's Deposition.

As grounds in support of its opposition and motion, the defendant submits the following.

### BACKGROUND

1. On May 26, 2004 the parties attended a Scheduling Conference before Judge Gertner who ordered that the plaintiff's expert disclosures were due on or before December 31, 2004.

2. On December 16, 2004, this action was referred to your Honor.

3. On January 12, 2005 the parties attended a Status Conference before this Court who, at the plaintiff's counsel's request, ordered that the deposition of Captain Michael Duarte be held on or before March 1, 2005, and further ordered the plaintiff to produce his expert disclosures on or before March 15, 2005.

4. On February 8, 2005, defendant's counsel informed plaintiff's counsel that we were unable to contact Captain Michael Duarte to schedule his deposition and, therefore, plaintiff's counsel must subpoena him to compel his attendance. The defendant no longer employs Captain Duarte.

5. On February 8, 2005, defendant's counsel received an Amended Notice of Taking Deposition of Captain Michael F. Duarte scheduled to be held on February 14, 2005.

6. On February 11, 2005, defendant's counsel received a Second Amended Notice of Taking Deposition of Captain Michael F. Duarte scheduled to be held on March 4, 2005 along with a copy of a deposition subpoena.

7. Between February 11, 2005 and March 11, 2005, the parties' counsel exchanged several correspondences concerning the status of the plaintiff's proposed surgery and the remuneration of the associated costs.

8. The deposition of Captain Michael Duarte was held on March 4, 2005.

9. On March 11, 2005, defendant's counsel wrote to plaintiff's counsel because it appears that the plaintiff suffered a second injury to his right foot and the circumstances surrounding this new incident may be relevant to the defense and the obligations of maintenance and cure and accordingly the defendant wishes to reopen the plaintiff's deposition.  (See a copy of this letter attached to the plaintiff's motion.)

10. On or around March 11, 2005, plaintiff's counsel requested an extension of time for his liability expert disclosures.

11. On March 15, 2005, plaintiff's counsel agreed to reopen the plaintiff's deposition concerning the circumstances surrounding a second incident in which the plaintiff apparently suffered a second injury to his right foot <u>provided the defendant</u>

<u>agree to extend the discovery schedule</u>.  The defendant did not agree to extend the discovery schedule.

12. On March 15, 2005, plaintiff filed his Motion for Extension of Time for Expert Disclosure and to Amend Scheduling Order.

### ARGUMENT

Local Rule 16.1 (G) states, " the scheduling order … can be modified by order of the judge, or the magistrate judge if so authorized by the judge, and **only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record.**"  Here, plaintiff's counsel is requesting an additional 90 day extension of the discovery schedule because the plaintiff has failed to garner information concerning its liability expert witness since the Court's Order of May 26, 2004 and extension thereof on January 12, 2005. The plaintiff now seeks to obtain a 90 day extension of the discovery schedule when he has offered no showing of good cause as to the reasons behind his failure to comply with the Court's Order of May 26, 2004 and extension thereof on January 12, 2005.

The defendant believes that its defense will be prejudiced if this Honorable Court grants the plaintiff's motion because the plaintiff will be able to obtain the services of a liability expert after a second expiration of the expert disclosure deadline. The defendant and its liability expert have been waiting to receive the plaintiff's expert disclosures since December 2004. This Honorable Court granted the plaintiff's first request for an extension of the discovery schedule during the Status Conference held on January 12, 2005 after defendant's counsel conceded its objection to the extension. Since the plaintiff did not timely engage the services of a liability expert to review Captain Duarte's testimony, the plaintiff should not be entitled to the potential benefit of a liability expert witness reviewing Captain Duarte's testimony without a showing of good cause for its request for an extension. The plaintiff claims that "information obtained" during the deposition of Captain Duarte compels the 90 day extension of the discovery schedule yet the plaintiff fails to offer specific testimony that supports his position. The defendant submits that the plaintiff has been granted sufficient time to identify, engage and disclose his liability expert

witness, and this Honorable Court has allowed the plaintiff more than sufficient time to complete the disclosures yet the plaintiff has repeatedly failed to comply with the Court's Order.  The plaintiff's motion should be denied because he offers no evidence nor does he reference pertinent portions of the record to support his request for a further extension other than "information obtained" during the deposition of Captain Duarte.

Further, the defendant submits that the plaintiff's deposition should be reopened because a review of his medical records indicates that the plaintiff suffered a second injury to his right foot and the circumstances surrounding this incident may be relevant to the defense and the obligations of maintenance and cure.  The plaintiff wishes the defendant to reimburse the plaintiff for the expenses incurred for another procedure on his right foot. However, it is unclear whether the plaintiff's latest injury is causally related to the incident detailed in the plaintiff's Complaint.  Accordingly, the defendant requests that this Honorable Court issue an Order for the plaintiff to appear at a reopening of his deposition to enable the defendant's counsel to examine

the plaintiff concerning the circumstances surrounding the second incident and the course of treatment the plaintiff has pursued since he was initially deposed on April 16, 2004.

**WHEREFORE**, the defendant prays that this Honorable Court, for the reasons stated herein, deny plaintiff's Motion for Extension of Time for Expert Disclosure and to Amend Scheduling Order and grant the defendant's Motion for Order to Reopen the Plaintiff's Deposition.

                                    Respectfully Submitted,
**DEFENDANT**
**CLINTON & MUZYKA, P.C.**,

"/s/ Terence G. Kenneally"
**Thomas J. Muzyka**
**BBO NO. 365540**
**Terence G. Kenneally**
**BBO NO. 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
617-723-9165

Dated: March 18, 2005