```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

FRANK SACO,
      Plaintiff,

      V.                                  CIVIL ACTION NO.
                                           03-12551-MBB

TUG TUCANA and
TUG TUCANA CORPORATION,
      Defendants.

## ORDER FOR FINAL PRETRIAL CONFERENCE

### MAY 25, 2005

**BOWLER, U.S.M.J.**

    The above-entitled action will be called for a Final Pretrial Conference on **September 26, 2005 @10:00 A.M**. in Courtroom #25, 7th Floor, New Courthouse, Fan Pier, Boston, Massachusetts.  Trial is scheduled for **OCTOBER 24, 2005 @9:00 A.M.**

    <u>Unless excused by the Court each party shall be represented at the Pretrial Conference by counsel who will conduct the trial</u>.

    Counsel shall have full authorization from their clients with respect to settlement and shall be prepared to advise the Court as to the prospects of settlement.  All discovery shall have been completed in accordance with this Court's prior scheduling order.

    Prior to the Pretrial Conference, counsel shall meet and

confer for the purpose of preparing, either jointly or separately, a pretrial memorandum in duplicate for presentation to the court <u>at least FIVE days prior to the Final Pretrial Conference</u>.  The Pretrial memorandum will set forth:

    1.  A concise summary of evidence that will be offered by (a) Plaintiff, (b) Defendant, (c) other parties, with respect to both liability and damages (including special damages, if any);

    2.  The facts established by pleadings or by stipulations or admissions of counsel;

    3.  Contested issues of fact;

    4.  Any jurisdictional question;

    5.  Any questions raised by pending motions;

    6.  Issues of law including evidentiary questions, together with supporting authority;

    7.  Any requested amendments to the pleadings;

    8.  Any additional matters to aid in the disposition of the action;

    9.  The probable length of the trial;

    10.  The names and addresses of witnesses who shall testify at the trial, and the purpose of the testimony of each witness, i.e., whether factual, medical, expert, etc.  Unless the qualifications of any medical or other expert witness are admitted, a brief statement of the qualifications of such witness shall be included;

11. The proposed exhibits.

12. Proposed juror questions to be addressed to the venire.

13. Each party may submit proposed written jury instructions no later than **ONE** day prior to the commencement of trial. Except for preliminary matters, such as the burden of proof, the types of evidence and similar matters, each proposed jury instruction shall contain citations to legal authority to support the particular language employed. A party may submit additional proposed instructions during the trial only if the evidence develops otherwise than as reasonably anticipated. In the event a party wishes to submit additional proposed instructions during trial on matters that could have been reasonably anticipated, the party should seek and obtain leave of court before submitting any such instructions.

A party must notify the Court at the Final Pretrial Conference whether daily copy of the trial transcript is to be requested.

A party who intends to object to the qualifications of an expert witness, or to the introduction of any proposed exhibit, shall give written notice of the grounds of objection, together with supporting authority to all other parties, within three days following the Pretrial Conference, a copy of said notice to be filed with the Clerk.

3

Failure to comply with any of the directions set forth above, may result in judgment or dismissal or default, or the imposition of other sanctions deemed appropriate by the Court. <u>FAILURE TO FILE PRETRIAL MEMORANDA AT LEAST FIVE (5) DAYS PRIOR TO THE SCHEDULED PRETRIAL CONFERENCE MAY RESULT IN DISMISSAL AND/OR DEFAULT</u>.

                                BY ORDER OF THE COURT,

By:
    /s/ Marianne B. Bowler
    **MARIANNE B. BOWLER**
    United States Magistrate Judge