UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 03-12551-MBB

FRANK SACO,
    Plaintiff,

VS.

TUG TUCANA and
TUG TUCANA CORPORATION,
    Defendants.

## JOINT PRE-TRIAL MEMORANDUM

Now come the parties, in the above entitled action, by and through their undersigned counsel, and respectfully submit the Joint Pre-Trial Memorandum.

**I.   CONCISE SUMMARY OF PARTIES' POSITIONS**

    **A.   The Plaintiff**

The plaintiff was a seaman and member of the crew of the Tug Tucana on April 13, 2003. At approximately 11:30PM, as the plaintiff was releasing a stern line off the "H" bit a fishing pole caught the stern line which caused the plaintiff to be yanked back. The plaintiff's foot became caught in a metal tunnel causing him to trip and fall. The plaintiff sustained a fracture to his right foot. The plaintiff's injury required open reduction and internal fixation surgery.

2

Since the date of the incident, plaintiff has undergone three surgeries and is awaiting a fourth for removal of internal hardware.  To date, the plaintiff's medical bills are approximately $54,000.00.

It is the contention of the plaintiff that the defendants were negligent and that the Tug Tucana was un-seaworthy which caused plaintiff's injuries.

The plaintiff is also maintaining a cause of action for maintenance and cure as a result of the injures sustained upon the Tug Tucana.

It is anticipated that the physical condition of the plaintiff has resulted in permanent physical impairment of future activities preventing him from returning to the sea.

**B.    The Defendant**

The defendant contends that the plaintiff's injury was solely caused by his lack of reasonable care and not the defendant's negligence and/or its vessel's unseaworthiness. The defendant submits that the plaintiff's injury was caused solely by the plaintiff's own failure to look where he was going, to avoid open and obvious appurtenances, and exacerbated by his failure to properly care for his injury during recuperation.

Based upon the plaintiff's own testimony and other evidence, the plaintiff tripped over a permanent cable cover

3

and fell forward to the deck.  The plaintiff does not recall what caught his right foot, but describes a metal tunnel/cable cover as the alleged cause of his fall. His injury was avoidable by looking where he was walking.

In addition, the plaintiff failed to carry a piece of equipment required under the circumstances.  The plaintiff failed to carry a seaman's knife for cutting lines and ropes. If this was available, the injury could have been prevented.

Concerning the injuries suffered by the plaintiff, the evidence will be that he could work in a sedentary position as of October 2003; however, the plaintiff has not demonstrated any effort to return to work.  The defendant will also demonstrate that the plaintiff's injuries have been treated and he has yet to reach maximum medical improvement. However, he is doing extremely well according to a note from his treating physician, dated October 28, 2005.

The defendant will also demonstrate that any medical opinions concerning the plaintiff's prognosis are mere speculation because the plaintiff continues to seek medical treatment at the time of trial.  The defendant will also attack the qualifications of the marine expert and his opinions.

4

## II.  STIPULATIONS

A.   The plaintiff was 63 years old at the time of his injury and is presently 65 years old.

B.   On or about April 13, 2003, the plaintiff was employed by the defendant, Tug Tucana Corporation, Inc. as deckhand and member of the crew of the TUG TUCANA.

C.   On or about April 13, 2003, the defendant Tug Tucana Corporation Inc. was the owner pro hac vice of the TUG TUCANA.

D.   The plaintiff is not presenting any claim for past, present or future lost wages or lost earning capacity.

## III.  CONTESTED ISSUES OF FACT

A.   Negligence of the defendant, Tug Tucana Corporation, Inc. and its causal relationship to his injuries.

B.   The unseaworthiness of the TUG TUCANA and its causal relationship to his injuries.

C.   The contributory negligence of the plaintiff and its causal relationship to his injuries.

## IV.  JURISDICTIONAL QUESTIONS

The parties do not anticipate any jurisdictional questions on issues joined.

The defendant, Tug TUCANA, is not jurisdictionally present, *In Rem*, before the Court and should properly be dismissed before the commencement of the Trial.

## V.    QUESTIONS RAISED BY PENDING MOTIONS

Defendant's Motion in Limine remains pending before the Court.  Defendant questions the qualifications of plaintiff's expert, Joseph Lombardi, and whether his proffered opinions are based upon reliable evidence uncovered during the course of discovery.

## VI.   ISSUES OF LAW

The parties do not anticipate any unusual issues of law.

## VII.  REQUESTED AMENDMENTS

The parties do not anticipate any amendments to the pleadings.

## VIII. ADDITIONAL MATTERS

There are no additional matters raised by either party at this time.

## IX.   LENGTH OF TRIAL

The parties anticipate that this case will take approximately three (3) to five (5) days, including jury empanelment, argument and charge (assuming a 9:00 a.m. to 1:00 p.m. schedule).

X.    **WITNESSES**

    A.    **The Plaintiff**

        1.    Frank Saco

        2.    Joseph Lombardi - Expert
            Ocean Technical Services
            P.O. Box 1576
            Manchester, MA  01944

        3.    Dr. Christopher Chiodo
            Faulkner Hospital
            1153 Centre Street
            Boston, MA  02130

        4.    John Herrick
            11 Whittemore Street
            Gloucester, MA

The plaintiff reserves the right to supplement prior to trial and to call any witnesses listed by the defendant.

    B.    **The Defendant**

        1.    David C. DuBois - Expert
            President
            Marine Safety Consultants, Inc.
            26 Water Street
            Fairhaven, MA.  02719-0615

        2.    Captain Michael Duarte
            22 Powderhorn Way
            Sandwich, MA 02563

        3.    Ben Dillon
            338 Whispering Oaks Ct.
            Sarasota, FL 34232-1730

        4.    Julian Federico
            226 Chase Road
            Parsonsfield, ME 04047

        5.    Sally Rudicel, M.D. - Expert
            750 Washington Street
            Boston, MA 02111

        6.    Gloria Harrison, RN
              25 Winslow Road
              Beverly, MA  01905

        7.    Charles Lane
              50 Pleasant Street
              Manchester, MA 01944

     The defendant reserves the right to supplement prior to
trial and to call any witnesses listed by the plaintiff.


XI.  **EXHIBITS**

     A.   Plaintiff's Exhibits

     1.   Photographs of the Tug Tucana; and

     2.   Photographs of plaintiff.

     The plaintiff reserves the right to supplement prior to
trial and to use any and all exhibits listed by defendant.

     B.   Defendant's Exhibits

          1.   Medical Records of the Plaintiff:

               a. Beverly Hospital;

               b. Family Medicine Associates;

               c. Addison-Gilbert Hospital;

               d. Partners Home Care;

               e. Sports Medicine North Orthopedics;

               f. Healthsouth Rehab Center;

               g. Dr. Christopher Chiodo's records;

               h. Brigham and Women's Hospital.

          2.   Plaintiff's Internal Revenue Service Tax

               Returns for 1999, 2000, 2001;

8

3.   Plaintiff's Social Security Disability
     Administration Records;

4.   Plaintiff's Criminal Offender Record
     Information (CORI);

5.   Plaintiff's Deposition Exhibits:

     a. Diagram – Exhibit #2;

     b. Diagram – Exhibit #3;

     c. Photograph – Exhibit #4;

     d. Photograph – Exhibit #5;

     e. Photograph – Exhibit #6;

6.   Captain Duarte's Deposition Exhibits:

     a. Photographs – Exhibit A;

7.   Joseph Lombardi's Deposition Exhibits:

     a. Plaintiff's Expert Disclosure - Exhibit #1;

     b. Photographs - Exhibit #2;

8.   William B. Hayler, Editor-in-Chief, <u>American
     Merchant Seaman's Manual</u>, (6th ed. 1981).

9.   Gloria Harrison's Deposition Exhibits:

     b. Beverly Hospital Emergency Room Record–
        Exhibit #1;

     c. Beverly Hospital Emergency Room Record–
        Exhibit #2;

10.  Charles Lane's Deposition Exhibits:

     a. 1998 Summary – Exhibit #2;

9

b. 1999 1040 Form - Exhibit #3;

c. 1999 1040 Form - Exhibit #4;

d. 2000 1040 Form - Exhibit #5;

e. 2000 1040 Form - Exhibit #6;

f. 2001 1040 Form - Exhibit #7;

g. 2001 1040 Form - Exhibit #8;

h. October 3, 1998 letter - Exhibit #9.


Respectfully Submitted,
**PLAINTIFF**                                    **DEFENDANT**

**THE KAPLAN/BOND GROUP**              **CLINTON & MUZYKA, P.C.,**

**"/s/David B. Kaplan"**                 **"/s/Thomas J. Muzyka"**
**David B. Kaplan**                      **Thomas J. Muzyka**
**BBO No. 258540**                       **BBO NO. 365540**
88 Black Falcon Avenue                   **Terence G. Kenneally**
Suite 301                                **BBO NO. 642124**
Boston, MA 02210                         One Washington Mall
617-261-0080                             Suite 1400
                                         Boston, MA 02108
                                         617-723-9165


Dated: January 16, 2006