UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

                                                     CIVIL ACTION
                                                     NO. 03-12551-MBB

**FRANK SACO,**
    **Plaintiff,**

VS.

**TUG TUCANA and**
**TUG TUCANA CORPORATION,**
    **Defendants.**

### DEFENDANT, TUG TUCANA CORPORATION'S, MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE THAT THE PRESENCE OF A FISHING ROD AND HOOK WAS A PROXIMATE CAUSE OF HIS INJURY

Now comes the defendant, Tug Tucana Corporation, in the above captioned action, by and through its undersigned counsel, and respectfully moves this Honorable Court *in Limine* to prohibit the Plaintiff from offering evidence that the presence of a fishing rod and hook was a proximate cause of his injury.

As grounds in support of its motion, the defendant submits the following for the Court's consideration.

This is a maritime cause of action for personal injuries brought by Frank Saco. The plaintiff maintains that he was a member of the crew of the Tug TUCANA on April 13, 2003. The plaintiff alleges that he sustained an injury to his right foot when he tripped and fell because his right foot struck on an unknown object on the deck of the Tug.

2

The plaintiff testified that at 2300 hours on April 13, 2003, he was instructed by Captain Michael Duarte to go to the engineroom to start the engine and then proceed to the H-bitt just aft of the pilothouse.  The purpose of going to the H-bitt was to release the hawser which was attached to a mooring ball.  Once the hawser was released and thrown overboard on the stern of the vessel, the Tug was going to proceed into the pier.  The plaintiff contends that when he took the hawser off the H-bitt, he noticed that a fishing hook was attached to the eye of the hawser and that the fishing rod was leaning up against the after bulkhead of the house.  Since the hawser had to be walked back to the stern and thrown overboard in such a way so that it would not get caught up in the prop, the plaintiff noticed that the fishing rod started moving aft as the hawser was being brought aft.  The plaintiff did not have a knife on him so he placed the hawser on deck and turned and proceeded up the starboard side of the vessel towards the galley which was on the after end of the housing.  As he proceeded, he caught his foot on an unknown object on the deck.  The plaintiff further contends that he had attempted to remove the fish hook from the eye of the hawser with his hands, but was unable to release the hook.

After turning and making the move to go to the galley,

3

he had no contact with the fishing rod, line or hook.  It was simply his intention to get a knife in the galley to cut the fishing line.  He did not trip on the fishing line nor the fishing rod.  The fishing rod and line and hook had nothing to do with him injuring his foot as he proceeded to walk forward on the starboard side of the vessel to the galley located in the housing.  The plaintiff then contends he fell and then crawled forward to the galley, obtained a knife, crawled back to the H-bitt, cut the fishing line and then crawled aft to the stern and threw the hawser overboard.

What the plaintiff can only testify is that the fish hook attached to the hawser eye simply required him to go to the galley and get a knife to cut the fish line free of the hawser.  Since the plaintiff does not contend that he tripped on the fishing line or the fishing rod and that he was walking away from the fishing rod when he injured his foot on an unknown object on the deck clearly indicates that the fishing rod and its line and hook cannot be an proximate cause of the alleged injury under either the theory of negligence or unseaworthiness.

At best, the presence of the fishing rod, line, and hook, was a condition, not a cause of his injury. *See, for example*, **Boudreau v. U.S.**, 280 F.3rd 461 (5th Cir. 2002), where the Court noted that the exposed pipe created a

4

condition, not a cause of the injury.

In order to recover for negligence under the Jones Act, the injury must be foreseeable. ***Consolidated Rail Corp. v. Gottshall,*** 512 U.S. 532 (1994). Here, it was not foreseeable that the hook getting caught in the hawser would cause the plaintiff to trip and fall on some unknown object on the deck. Although foreseeability is normally an issue of fact for the jury, ***In Re Eastern and Southern Dist Asbestos Litigation,*** 827 F.Supp. 1014 (S.D.N.Y. 1993), where the evidence is viewed in a light most favorable to the plaintiff and still no reasonable jury could conclude that the condition was foreseeable and would cause the plaintiff's injury, then exclusion of the fishing rod and hook as evidence of causation is proper. ***Petty v. Dakota Barge Service,*** 730 F.Supp. 983 (D. Minn 1989)(where there is no evidentiary basis to support a finding of seaman status the issue is proper for the Court to decide)  Defendant maintains that the plaintiff can testify about the presence of the fishing rod and hook on deck, but should be precluded from offering evidence or argument that it was a cause of his injury.

Further, for negligence under the Jones Act, the defendant must have had actual or constructive notice and an opportunity to correct any unsafe condition. ***Perkins v.***

5

*American Electric Power Fuel Supply, Inc.,* 246 F.3rd 593 (6th Cir. 2001); *Colburn v. Bunge Towing, Inc.,* 883 F.2nd 372 (5th Cir. 1989).  There is absolutely no evidence how the hook became attached to the hawser.  At the time of the incident, the tug was tied to a mooring ball and preparing to get underway. Therefore, exclusion of the evidence is proper where there is no legal basis to support the claim.  *American Seafoods Co. v. Nowak,* 2002 AMC 1659 (W.D.Wa. 2002).

The plaintiff's claim for unseaworthiness is also without merit.  It is axiomatic that a single act of negligence does not make a vessel unseaworthy.  *Usner v. Luckenbach Overseas Corp.,* 400 U.S. 494 (1971).  Even plaintiff's marine expert agrees that, at best, the fishing rod and reel was a "distraction."  He makes no assertion that the fishing rod made the vessel unseaworthy or unfit for its intended purpose.  *Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539 (1960) nor that it was a cause of the injury.

**WHEREFORE**, the defendant prays that this Honorable Court grant this Motion *In Limine* and preclude the plaintiff from offering evidence and arguing that the presence of the fishing rod and reel and the hook attached to the hawser can be considered a proximate cause of his injury in either the Jones Act negligence claim or the unseaworthiness claim.

6

                                      Respectfully submitted,

                                      By Its Counsel;
                                      **CLINTON & MUZYKA, P.C**

                                      <u>"/s/Thomas J. Muzyka"</u>
                                      **Thomas J. Muzyka**
                                      **BBO NO: 365540**
                                      **Terence G. Kenneally**
                                      **BBO NO: 642124**
                                      One Washington Mall
                                      Suite 1400
                                      Boston, MA  02108
                                      (617) 723-9165

Dated:  January 19, 2006