**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION**
**NO. 03-12551-MBB**

**FRANK SACO,**
**Plaintiff,**

**VS.**

**TUG TUCANA and**
**TUG TUCANA CORPORATION,**
**Defendants.**

**DEFENDANT, TUG TUCANA CORPORATION'S, MOTION IN LIMINE TO EXCLUDE AND/OR LIMIT OPINIONS PROFFERED BY THE PLAINTIFF'S MARINE LIABILITY EXPERT, JOSEPH LOMBARDI**

Now comes the defendant, Tug Tucana Corporation, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court pursuant to Rules 104, 402, 403, and 702 of the Federal Rules of Evidence to exclude all and/or limit as appropriate the opinions proffered by the plaintiff's marine liability expert, Joseph Lombardi.

As grounds in support of its motion, the defendant submits the following for the Court's consideration.

**PROCEDURAL BACKGROUND**

This matter involves the plaintiff's alleged trip and fall onboard the TUG TUCANA while the vessel was moored in

Beverly Harbor, Massachusetts on April 13, 2003.

The plaintiff commenced this action seeking recovery for personal injuries sustained under the Jones Act and General Maritime Law for unseaworthiness. The plaintiff alleges as factual grounds for liability the following deficient conditions:

1. No illumination in the area where he was hurt;

2. A fishing pole on deck created a hazardous condition;

3. Steel housing on the vessel's starboard side was not sufficiently illuminated; and

4. Oil and grease on the deck caused a slippery condition.
**See Answers to Defendant's Interrogatory No. 4, Exhibit A.**

On or about June 15, 2005,[1] Mr. Lombardi issued his report entitled **"Investigation of Injury on Tug TUCANA".** A copy of Mr. Lombardi's report is enclosed herewith as **Exhibit B.**

In his report, Mr. Lombardi alleges the following as bases for liability in this action. They are:

1. The TUG TUCANA was not equipped with specific equipment that would have enabled the plaintiff to communicate with crew members or Captain Michael Duarte in the vessel's wheelhouse;

---

[1] *It should be noted that the plaintiff failed to designate and disclose his experts' identity and reports as Ordered. Numerous motions and extensions were provided by this Court to the plaintiff extending this requirement from December 31, 2004 to June 15, 2005, a period of 5½ months.*

2. The presence of a fishing rod onboard the TUG TUCANA was a distraction that was not a part of the vessel's equipment and therefore it contributed to the alleged incident;

3. The presence of the push wire guards on the after deck of the TUG TUCANA contributed to the alleged incident because they were not painted with distinctive paint which constituted a trip and fall hazard;

4. The lack of sufficient lighting illuminating the TUG TUCANA's after deck work area contributed to the alleged incident because there was only one floodlight positioned on the rail of the wheelhouse which did not illuminate the entire after deck work area.

On Tuesday, December 6, 2005, defendant's counsel obtained Mr. Lombardi's deposition for the purpose of examining him concerning his qualifications, his opinions, the factual predicate for his opinions, and the industry/legal standards employed for his opinions.

During his deposition on December 6, 2005, Mr. Lombardi testified that the primary basis for his opinions was his one [1] approximately two [2] hour interview with the plaintiff, his review of materials provided by plaintiff's counsel, and his previous experience as a tugboat operator with Boston Fuel and Transportation Co.

**PROFESSIONAL BACKGROUND**

In the mid 1970s, Mr. Lombardi commenced his sea-going career by serving in the United States Navy aboard various naval vessels primarily as a helmsman. He served for approximately six [6] years.

In 1984, Mr. Lombardi became employed as a deckhand working for Boston Fuel & Transportation Co. For nine [9] months, he worked primarily on tugs towing barges. He was responsibility for tying, securing, and monitoring lines on several different tugs. Eventually, he was promoted to Mate onboard offshore tugs which towed barges to various ports in New England. During this time, Lombardi was also involved to a lesser degree with ship dockings.

In 1986, he obtained his USCG 200 ton Master's License and eventually his 1600 Ton Near Coastal Master's License with towing and auxiliary sail endorsements. In 1986, he was promoted to Master.

In 1991, Lombardi left Boston Fuel & Transport Co. and began a marine surveying career on a full time basis. This profession entails the inspection of vessels, primarily yachts, for prospective buyers, financial institutions and underwriters. From 1991 to date, he could not estimate the number of boats he surveyed.

In 1994, he started consulting as part of his

services. This included testifying as an expert surveyor witness on four [4] occasions. His qualification and scope of testimony was limited to the extent of physical damages sustained by the vessel, nature and cost of repair, and the time and expertise necessary to repair the damaged hull.

He has never been qualified as a safety consultant, naval architect, marine engineer, vessel operator or accident reconstruction expert. He has never been qualified or testified to safety matters.

He has no specialized training in marine accident investigation or industry custom and practice.

**TRIAL PREPARATION**

Mr. Lombardi testified that he met with the plaintiff and the plaintiff's counsel once [1] in May 2005. No documentation was provided to him at the meeting. He took no notes of the factual information. Mr. Lombardi testified that he made notes concerning contact information only, but he does not know the present location of the notes. He may have reviewed some photographs, but is not certain. The meeting lasted approximately one and one half [1½] to two [2] hours.

After the meeting, plaintiff's counsel delivered a package to Mr. Lombardi containing copies of (1) Captain

Michael Duarte's deposition transcript and (2) Exhibit #2, which consisted of nine [9] color photographs depicting the TUG TUCANA and its afterdeck on or about June 10, 2003. *No other documentation was provided to Mr. Lombardi for his review.*

Mr. Lombardi claims that he reviewed sections of the Code of Federal Regulations (CFR) that addressed minimum working condition requirements for lighting. He could not provide the title, section, and reference to the precise regulation. *Mr. Lombardi confirmed that he did not review the Complaint, the Plaintiff's Deposition Transcripts, the parties' Answers to Interrogatories, the Defendant's Marine Liability Expert's Report or any Weather Reports for the date of the alleged incident before drafting his report.*

Mr. Lombardi never personally inspected the TUG TUCANA. Accordingly, *Mr. Lombardi has no firsthand knowledge of the TUG TUCANA, its equipment or its deck arrangement.*

During his testimony, Mr. Lombardi also conceded that *there are no* United States Coast Guard requirements to equip a tugboat with an aft control station or a two way Public Address [PA] communication system. [His Opinion No. 1] He further acknowledged that *there is no* United States

Coast Guard or OSHA requirement to paint all open and obvious conditions which constitute trip and fall hazards with distinctive paint. [His Opinion No. 3] Accordingly, his opinions in these areas are simply based upon his personal speculation that the proffered existence of the aft control station, a two way PA communication system, and distinctive paint would have prevented the plaintiff's alleged injuries.

In addition, the opinion concerning the aft control station and a two way PA communication system constitutes a variance with the proposed evidence of the witnesses, including the plaintiff. The plaintiff has not pled as a basis of liability that the vessel owner was negligent or the vessel unseaworthy because:

> "The TUG TUCANA was not equipped with specific equipment that would have enabled the plaintiff to communicate with the crewmembers or Captain Michael Duarte in the vessel's wheelhouse."

Mr. Lombardi's aforesaid opinion is totally unsupported by the anticipated evidence. It is an evidentiary variance that he should not be permitted to opine at trial.

Additionally, Mr. Lombardi's opinion concerning the fishing rod is not the subject of expert testimony. Mr. Lombardi does not assist the jury in his discussion nor

opines that the fishing rod was the proximate cause of the injury.

Lastly, Mr. Lombardi's opinion concerning the adequacy of the lighting is unsupported by scientific, documentary, or personal testing. Mr. Lombardi admits that he looked at the photographs and "is guessing" as to the lume of the after flood light. *See Deposition pg. 109 line 10.*

The plaintiff intends to offer Mr. Lombardi's opinions concerning tugboat operations and working conditions upon his limited experience with one [1] tow boat company. *He has no industry experience to support his testimony.*

**ARGUMENT**

The defendant submits that all of the opinions proffered by Joseph Lombardi relating to the TUG TUCANA's equipment, lighting or deck arrangement should properly be excluded. In the alternative, the appropriate opinions should be properly limited.

To be admissible, evidence must be relevant; it must meet special requirements if presented as expert testimony (*e.g.,* the expert must be qualified and the subject must be fit for expert testimony); and it should be properly

excluded if its unfair prejudicial effects substantially outweigh its probative value. ***Baker v. Dalkon Shield Claimants Trust***, 156 F.3d 248, 252 (1st Cir. 1998) *citing to* ***Fed.R.Evid. 401, 702, 403***.

The determination whether a particular witness is qualified to testify as an expert witness is for the Court's determination under Federal Rule of Evidence 104(a).[2] A District Court must act as a "gatekeeper" by determining "whether the reasoning or methodology underlying the testimony is ··· valid and whether that reasoning properly can be applied to the facts in issue." ***Daubert v. Merrell Dow Pharm., Inc.***, 509 U.S. 579, 592-593, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In ***Kumho Tire***, the Court extended the reach of ***Daubert's*** gatekeeping function to cover all types of expert testimony involving technical or otherwise specialized knowledge. ***Kumho Tire Co. v. Carmichael***, 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The Court's assessment of reliability is flexible, but "an expert must vouchsafe the reliability of the data on which he relies and explain how the cumulation of that data was consistent with standards of the expert's profession." ***Zachar v.***

[2] *Fed.R.Evid. 104 (a) states: Preliminary questions concerning the qualification of a person to be a witness, the existence of privilege or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.*

***Lee***, 363 F.3d 70, 76 (1st Cir. 2004) *quoting* ***SMS Sys. Maint. Servs., Inc. v. Digital Equip. Corp.***, 188 F.3d 11, 25 (1st Cir.1999) Here, Mr. Lombardi purports to be an expert on tugboat operations and the towing industry based upon his brief experience in the United States Navy and his employment at Boston Fuel & Transportation Co. for seven [7] years.

The defendant submits that Mr. Lombardi's tow boat employment is insufficient to qualify him as an expert witness on tugboat operations and the towing industry. His service experience is limited to serving as helmsman in the U.S. Navy and his employment at only one [1] commercial towing company. Further, the defendant submits that Mr. Lombardi has no firsthand knowledge of the TUG TUCANA because he did not inspect the vessel. His lack of specific knowledge about the subject vessel coupled with his limited experience undermines the reliability of his opinions. Accordingly, the defendant submits that Mr. Lombardi's qualifications are insufficient to qualify him as an expert witness in this matter.

Rule 702 of the Federal Rules of Civil Procedure sets forth the ground rules for consideration of expert testimony.[3] It is fundamental that "[e]xpert testimony

---

[3] Rule 702 provides:

must be predicated on facts legally sufficient to provide a basis for the expert's opinion.” ***Damon v. Sun Co., Inc.*** 87 F.3d 1467, 1474 (1st Cir. 1996) *quoting* **In re Salvatore***,* 46 B.R. 247, 253 (Bankr.D.R.I.1984). “An expert should not be permitted to give an opinion that is based on conjecture or speculation from an insufficient evidentiary foundation.” ***Id***. *quoting* **Van Brode Group, Inc. v. Bowditch & Dewey***,* 36 Mass.App.Ct. 509, 633 N.E.2d 424, 430 (1994). Mr. Lombardi’s opinions concerning the specific conditions and equipment onboard the TUG TUCANA are based upon his meeting with the plaintiff and the plaintiff’s counsel and his review of Captain Michael Duarte’s deposition transcript and several photographs. His opinions concerning the TUG TUCANA are based upon his interpretation of the plaintiff’s subjective allegations and not his analysis of fact to the industry standard, custom and practice or specific regulation.

Accordingly, the defendant submits that Mr. Lombardi’s opinions are based upon his own subjective conjecture and the limited allegations communicated to him by the plaintiff and the plaintiff’s counsel. He needs

---

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified***76** as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods to the facts of the case.

more substantive facts to meet the *Daubert "gatekeeper" standard.*

Federal Rule of Evidence 402 states, in part, that evidence which is not relevant is not admissible. Federal Rule of Evidence 403 requires that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury **See *Gomez v. Rivera Rodriguez***, 344 F.3d 103, 115 (1st Cir. 2003); ***Kassel v. Gannett Co., Inc.,*** 875 F.2d 935, 952 (1st Cir. 1989). Mr. Lombardi cannot offer any specific evidence concerning the factual circumstances surrounding the plaintiff's alleged incident because he has never personally inspected the TUG TUCANA, its equipment or its lighting under conditions similar to the conditions present at the time of the plaintiff's alleged incident. Accordingly, his opinions are mere speculation and conjecture and therefore should deemed be irrelevant and inadmissible.

Since Lombardi's opinions about the TUG TUCANA, its equipment, its lighting and deck arrangement are based upon limited information and no firsthand experience with the subject vessel, the unfair prejudice to the defendant is substantial and the probative value of his opinions

concerning the specific conditions and equipment onboard the TUG TUCANA is minimal at best. Further, his opinions lack reliability and specificity about the subject vessel and therefore, the potential for confusion of the issues and misleading the trier of fact is considerable. Rather than simplifying the evidence for the Court's and jury's consideration, the use of Mr. Lombardi's opinions will only further complicate, provide a personal and not industry standard, and cloud the issues presented in this matter.

The purpose of Rules 402 and 403 are to prohibit this type of information and to avoid the very prospect of prejudicial inferences resulting from such unreliable information.

**WHEREFORE**, the defendant, Tug Tucana Corporation, prays that this Honorable Court exclude all and/or limit the opinions proffered by the plaintiff's liability expert, Joseph Lombardi pursuant to Rules 104, 402, 403, and 702 of the Federal Rules of Evidence.

By its attorney,

**CLINTON & MUZYKA, P.C.**

"/s/Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: January 19, 2006