UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
03-12551-MBB

**FRANK SACO**
    Plaintiff,

vs.

**TUG TUCANA & TUG TUCANA CORPORATION,**
    Defendants.

### DEFENDANT, TUG TUCANA CORPORATION'S, MOTION IN LIMINE TO PRECLUDE DR. CHRISTOPHER CHIODO FROM OFFERING ANY EXPERT OPINION CONCERNING THE PERMANENCY OF THE PLAINTIFF'S ALLEGED INJURIES

Now comes the defendant, Tug Tucana Corporation, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court to preclude Dr. Christopher Chiodo from offering any expert opinion concerning the permanency of the plaintiff's alleged injuries.  The defendant has filed a Motion requesting that Dr. Chiodo be precluded from testifying at trial and is submitting this Motion in Limine in the alternative.

As grounds in support of this Motion, the defendant offers the following for the Court's consideration.

**ARGUMENT**

Dr. Chiodo has been treating the plaintiff for the past two (2) years. There is no dispute that the plaintiff is still undergoing treatment for his injuries, that future treatment is required, and that he has not reached maximum medical improvement. Because the plaintiff's response to future treatment remains unknown, Dr. Chiodo should be precluded from offering any opinions concerning the permanency of the plaintiff's injuries, which includes any and all opinions relating to disability.

Allowing Dr. Chiodo to offer any opinions concerning the permanency of the plaintiff's injuries at this point is prejudicial and invites the fact finder to engage in speculation and conjecture. For instance, Dr. Chiodo may testify at trial that the plaintiff is currently 50% disabled; however, after undergoing future treatment his disability rating, if any, may be significantly less.[1] Any opinions concerning the permanency of the plaintiff's alleged injuries, including his present limitations and

---

[1] See, i.e. **Louisiana Ins. Guaranty Assoc. v. Abbott**, 40 F.3d 122 (5th Cir. 1994) ("If a physician determines that further treatment should be undertaken, then a possibility of success presumably exists. One cannot say that a patient has reached the point at which no further medical improvement is possible until such treatment has been completed – even if, in retrospect, it turns out not to have been effective").

disabilities, are purely speculative at this point, and should properly be excluded at the time of trial.

**WHEREFORE**, the defendant, Tug Tucana Corporation, prays that this Honorable Court preclude Dr. Christopher Chiodo from offering any opinions concerning the permanency of the plaintiff's alleged injuries, as he is still undergoing treatment.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165