**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.
03-12551-MBB

FRANK SACO
    Plaintiff,

vs.


TUG TUCANA & TUG TUCANA
CORPORATION,
    Defendants.

## DEFENDANT, TUG TUCANA CORPORATION'S, MOTION IN LIMINE TO PRECLUDE DR. CHRISTOPHER CHIODO FROM TESTIFYING AT TRAIL

Now comes the defendant, Tug Tucana Corporation, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court to preclude Dr. Christopher Chiodo from testifying at trial.

As grounds in support of this Motion, the defendant offers the following for the Court's consideration.

### BACKGROUND

On or about April 13, 2003, the plaintiff sustained personal injuries while serving as a deckhand aboard the TUG TUCANA, which is owned and operated by the defendant. The plaintiff instituted this action on December 23, 2003 and alleges Jones Act negligence, unseaworthiness, and

payment of Maintenance & Cure benefits under the controlling General Maritime Law.

On February 4, 2004, the defendant served its Interrogatories on the plaintiff.  Interrogatory No. 20 specifically requests that the *plaintiff identify any and all experts that he intends to call at the time of trial, and further requests the disclosure of the expert's opinions and supporting materials.*  The plaintiff responded to this interrogatory, without objection or preservation thereof, on March 16, 2004 by stating "*I have not yet decided on an expert witness.*"[1]

On May 26, 2004, the Court conducted an Initial Scheduling Conference.  Prior to the conference, the parties submitted independent proposed discovery plans as required, because they were unable to agree upon a discovery schedule.  During the conference, the Court adopted the discovery plan proposed by the defendant. Accordingly, the plaintiff was required to produce his Rule 26(a)(2) expert disclosures by or before December 31, 2004, and the defendant was to produce its disclosures within thirty (30) days thereafter.

---

[1] By failing to timely object to Interrogatory No. 20, the plaintiff has waived any and all objections pursuant to Local Rule 33.1(C).

        <u>The plaintiff failed to produce his Rule 26(a)(2)</u>

<u>expert disclosures by or before December 31, 2004 as</u>

<u>ordered by the Court</u>.

        On January 12, 2005, the parties attended a Status

Conference, at which time the defendant raised the

plaintiff's failure to produce his Rule 26(a)(2)

disclosure.[2]  At the plaintiff's untimely request, the

Court extended the time period until March 15, 2005 for

the plaintiff to produce his Rule 26(a)(2) disclosures.

The Court also extended the time period for the defendant

to produce its Rule 26(a)(2) disclosures.

        The plaintiff did not produce his Rule 26(a)(2)

disclosures on March 15, 2005, but instead filed a Motion

requesting an additional three (3) month extension.  As a

basis for a further extension, the plaintiff stated he had

"not currently reached a medical end result: another

surgical procedure is pending on the ankle injured as a

result of this incident."  The defendant filed an

Opposition and a hearing was scheduled for March 31, 2005.

        At the March 31, 2005 hearing, the Court granted the

plaintiff an additional two (2) months to produce his Rule

26(a)(2) expert disclosures, and also scheduled a Status

Conference for May 24, 2005.  Accordingly, the plaintiff's

---

[2] Obviously, the defendant could not prepare his Rule 26(a)(2) expert
disclosures until the plaintiff produced his disclosures.

disclosures were to be produced by or before May 13, 2005.
<u>The plaintiff failed to produce his Rule 26(a)(2)</u>
<u>disclosures by or before May 13, 2005 as ordered by the</u>
<u>Court</u>.

On May 24, 2005, the parties attended a Status
Conference, at which time a Final Pre-Trial Conference was
scheduled for September 26, 2005.  On May 25, 2005, the
Court issued its Order for Final Pretrial Conference,
which requires the parties to identify any and all expert
witnesses to be called at trial.

On June 15, 2005, the plaintiff produced his Rule
26(a)(2) expert disclosure.  The only expert information
disclosed therein related to Joseph Lombardi, a Marine
Surveyor & Consultant expected to testify on the issue of
liability.  *<u>The plaintiff did not identify or provide any</u>*
*<u>expert information relating to Dr. Chiodo in his Rule</u>*
*<u>26(a)(2) disclosure.</u>*

On September 23, 2005, the Court converted the Final
Pre-Trial Conference into a Status Conference as requested
by the parties.  At the September 26, 2005 Status
Conference, the Court scheduled a Final Pre-Trial
Conference for January 17, 2006 and trial for January 23,
2006.

On January 16, 2006, the parties submitted their Joint Pre-Trial Memorandum, which identifies Dr. Chiodo as a medical expert to testify on the plaintiff's behalf at trial.  This is the first time that the plaintiff identified or disclosed Dr. Chiodo as a medical expert. Despite the mandatory disclosure requirements of Rule 26(a)(2) and even though trial is scheduled for January 23, 2005, the plaintiff has not produced any expert information (i.e. written report, list of publications, qualifications, etc.) relating to Dr. Chiodo.

**ARGUMENT**

The defendant submits that Dr. Chiodo should properly be precluded from testifying at trial because of the plaintiff's repeated failures to comply with the disclosure requirements of the Federal Rules of Civil Procedure.

Pursuant to the provisions of Rule 26(e), the plaintiff was required to supplement his response to Interrogatory No. 20 prior to the Final Pre-Trial Conference.  The purpose of the supplementation requirement of Rule 26(e) is to increase "the quality and fairness of the trial by narrowing the issues and eliminating surprise"). *Licciardi v. TIG Ins. Group*, 140 F.3d 357, 363 (1st Cir. 1998).  Dr. Chiodo should be

precluded from testifying because the plaintiff never supplemented his response to Interrogatory No. 20 and identified him as a medical expert, or disclosed the substance of his anticipated opinions.

The plaintiff also violated the provisions of Rule 26(a)(2) because he did not identify Dr. Chiodo as a medical expert pursuant to subsection (A), and did not produce the following documents in accordance with subsection (B):

> "*a complete statement of all opinions to be expressed and the basis and reasons thereof; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.*"
> **Rule 26(a)(2) F.R.Civ.P & Local Rule 26.4.[3]**

As directed by the Court, the plaintiff was to produce its Rule 26(a)(2) disclosures by or before May 13, 2005, approximately eight (8) months ago.

As stated by the First Circuit,

> "The purpose of the expert disclosure rules is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent …

---

[3] There is no question that Dr. Chiodo was specially employed in anticipation of litigation, as the plaintiff was referred to him by counsel. See, i.e. **Mohney v. USA Hockey, Inc,** 138 Fed.Appx. 804 (6th Cir. 2005) (treating physician must submit a report pursuant to Rule 26(a)(2)(B) if he or she was obtained in anticipation of litigation).

> Thus Rules 26(a) and 37(c)(1) seek to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion, and thereby potentially deprive a plaintiff of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related discovery."
> ***Poulis-Minott v. Smith,*** *388 F.3d 354, 357 (1st Cir. 2004).*

The disclosure requirements of Rule 26(a)(2) "are not merely inspirational" but are "mandatory and self-executing." ***Lohnes v. Level 3 Communication,*** *272 F.3d 49, 60-61 (1st Cir. 2001) citing* ***Klonoski v. Mahlab***, *156 F.3d 255, 269 (1st Cir. 1998).* Precluding Dr. Chiodo from testifying at trial is the proper remedy for the plaintiff's repeated failures to comply with Rules 26(a)(2) & Rule 26(e).

To overcome preclusion, the plaintiff has the heavy burden of demonstrating to this Honorable Court that his repeated failures to comply were substantially justified and harmless. *Rule 37(c)(1) F.R.Civ.P.* Factors to be considered in determining these issues include "the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponents ability to overcome its adverse effects." ***MaCaulay v. Anas***, *321 F.3d 45, 51 (1st Cir. 2003).* The plaintiff cannot overcome this heavy burden at this stage of the litigation.

This matter has been pending for more than two (2) years and the plaintiff has been given every opportunity to produce the necessary Rule 26(a)(2) disclosure relating to Dr. Chiodo.  The plaintiff was initially required to produce his Rule 26(a)(2) disclosures by December 31, 2004 and requested numerous extensions because he was still receiving medical treatment for his alleged injuries. Despite these representations, the plaintiff did not even identify Dr. Chiodo as a medical expert in his Rule 26(a)(2) disclosure, which the plaintiff did not even submit until one month after the Court mandated deadline.

The Court afforded the plaintiff an additional five (5) months to produce his Rule 26(a)(2) disclosures. During those five (5) months, the plaintiff had access to Dr. Chiodo, as he became involved in his treatment shortly after the alleged incident.  This is not a situation where the plaintiff could not make the necessary disclosures because of Dr. Chiodo's availability, or the fact that he did not become involved in the plaintiff's treatment until after the deadline for disclosures expired.  The plaintiff's failure to disclose Dr. Chiodo is unjustified and can only be characterized as an attempt to ambush the defendant at trial.

Additionally, the plaintiff's need for Dr. Chiodo's expert testimony is limited and is certainly outweighed by the prejudice that the defendant will suffer.  The plaintiff is only asserting a claim for pain and suffering and has waived any claims for lost wages and loss of future earning capacity.  The fact finder can certainly determine the amount of pain and suffering, if any, experienced by the plaintiff as a result of the incident based upon his testimony alone.[4]  The plaintiff, as opposed to Dr. Chiodo, is the best person to describe the nature and extent of his alleged pain and suffering.

At this stage of the litigation, the defendant cannot overcome the prejudice it has suffered as a result of the plaintiff's repeated failures to comply with the disclosure requirements of Rules 26(a)(2) & Rule 26(e).  Because of his inexcusable actions, the plaintiff deprived the defendant of the opportunity to properly depose Dr. Chiodo before trial to obtain his anticipated opinions.[5]  As a result, the defendant has lost the opportunity to challenge his credentials and anticipated opinions, and

---

[4] This is especially true given the fact that Dr. Chiodo's medical records will be admissible under the Rule 801(4) & (6) of the Federal Rules of Evidence if precluded from testifying.

[5] Obviously, the defendant could not have properly obtained Dr. Chiodo's discovery deposition without knowing the substance of his anticipated opinions and basis thereof beforehand.

has also lost the opportunity to evaluate the necessity of rebuttal expert testimony prior to trial.

Considering the prolonged history of the litigation, the necessity of Dr. Chiodo's expert testimony at the time of trial, the defendant's failure to overcome the prejudice it has suffered, and the fact that the plaintiff's repeated failures to disclose are unjustified, Dr. Chiodo should properly be precluded from testifying as a medical expert pursuant to Rule 37(c)(1).  In a similar case where the plaintiff attempted to designate a medical expert two (2) months before trial and after the deadline for disclosures had expired, Magistrate Judge Cohen correctly determined, according to the First Circuit precedent, that

> "[t]he plaintiff's failure to designate Weir as an expert cannot be said to be harmless at this stage of the proceedings.  Allowing the defendant to name an opposing expert, who would presumably have to examine the plaintiff, followed by deposition, could only delay further the trial of this case … the First Circuit has said repeatedly that the focus must be on the question whether the party that has failed to meet its Rule 26 obligations has shown substantial justification for that failure … In fact, the required sanction in the ordinary case [under Rule 37(c)] is mandatory preclusion … Consideration of the factors enumerated in *Macaulay v. Anas, 321 F.3d 45, 51 (1sr Cir. 2003)*, leads inevitably to the conclusion that the defendant's motion should be granted in this case.  The history of the litigation, the essential lack of justification for the late disclosure, the lack of available time in which the defendant might overcome the adverse effects, and the

effect of the late disclosure on this court's docket outweigh the plaintiff's need for the expert testimony of Weir.  For reasons similar to those discussed by the First Circuit in *Macaulay*, the plaintiff here 'faces a steep, uphill climb,' which she cannot successfully complete on the showing made. Like the trial court in that case, were this court to allow the late designation, "it would have a Hobson's choice: either to force the defense to trial without appropriate preparation … or to reopen discovery and vacate the trial assignment." ***Peterson v. Scotia Prince Cruises, Ltd.,*** *222 F.R.D. 216, 217-218 (D.Mass. 2004).*

**WHEREFORE**, the defendant, Tug Tucana Corporation, prays that this Honorable Court adhere to First Circuit precedent and preclude Dr. Chiodo from testifying at trial because of the plaintiff's repeated failure to comply with the disclosure requirements of the Federal Rules of Civil Procedure.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165