UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 03-12551-MBB

FRANK SACO,
      Plaintiff,

vs.

TUG TUCANA CORPORATION,
      Defendant.

## DEFENDANT, TUG TUCANA CORPORATION'S, REQUEST FOR ADDITIONAL JURY INSTRUCTIONS

Now comes the defendant, TUG TUCANA CORPORATION, in the above captioned action, by its counsel, Clinton & Muzyka, P.C., and respectfully requests this Honorable Court to add the following jury instructions to the court's proposed instructions.

## *NEGLIGENCE*

No. 1

If you find that the condition, crew, appurtenances, and arrangements of the vessel and its gear were normal and that the sole and proximate cause of the plaintiff's injury was due to a normal condition aboard the vessel that he knew or should have known the nature of, then your

2

verdict must for the defendant on the cause of action for negligence.

**Roberts v. United Fisheries Vessels Co.**
141 F.2d 288 (1st Cir. 1944)

No. 2

Mere proof that the plaintiff was injured raises no presumption of negligence on the part of the defendant. In order to prove a claim for negligence, the plaintiff must show that the defendant failed to use reasonable care under all the circumstances and that such failure to use such care was a proximate cause of the accident.

**Field v. The Granger Rolf**
300 F.2d 428 (9th Cir. 1962)

**Oliveras v. United States Lines**
318 F.2d 890 (2nd Cir. 1963)

No. 3

The plaintiff cannot recover for an injury caused solely by his own negligence.

**Schlicter v. Port Arthur Towing Co.**
288 F.2d. 801 (5th Cir. 1961)

No. 4

Mere evidence that a certain condition or conditions caused or contributed to any injury does not establish

that the defendant failed to exercise reasonable care in the circumstances.

*Hines v. Bristol City Line (Canada) Ltd.*
301 F.S. 1394 (E.D. Pa. 1969)

*Jones v. Moore Mc-Cormack Lines, Inc.*
1968 A.M.C. 1174 (S.D. N.Y. 1968)

*Roberts v. United Fisheries Vessels Co.*
141 F.2d. 288 (1st Cir. 1944)

No. 5

If you find that the negligence of the defendant or the unseaworthiness of the vessel was simply a condition without which the plaintiff would not have been injured, if you further find that the proximate cause of the plaintiff's injuries was the fact that the plaintiff failed to proceed in a proper and workmanlike manner, then you will find for the defendant.

*Walker v. Sinclair Refining Co.*
331 F.Supp. (E.D. Pa. 1971)

No. 6

It cannot be said that it is ordinarily presumed or intended that a seaman aboard ship will perform his tasks or conduct himself negligently. Therefore, it is not the duty of the vessel owner to provide a ship which is safe for the negligent seaman. The vessel owner must only

provide a ship reasonably safe for the seaman who exercises ordinary care.

### Tarabochia v. Johnson Line, Inc.
1968 AMC 1167 (D.C. WA 1968)

No. 7

It is a fundamental principle that, under the Jones Act, an employer must have notice and the opportunity to correct an unsafe condition before liability will attach.

### Perkins v. American Elec. Power Fuel Supply, Inc.
2001 AMC 2780 (6th Cir. 2001)

No. 8

The rule is that "although the duty to provide a safe ship is broad, the defendant must have notice and the opportunity to correct an unsafe condition before liability will attach."

### Havens v. F/T Polar Mist
996 F.2d 215 (9th Cir. 1993)

No. 9

A Jones Act employer is not an insurer of a seaman's safety; the mere occurrence of injury does not establish liability.

### Harrison v. Seariver Maritime
61 Fed. Appx. 119, 2003 WL 342266 (5th Cir. 2003)

5

The defendant is not a guarantor of the plaintiff's
safety.

**Tate v. A/B Svenska Amerika Line**
331 F.Supp. 584 (E.D. La. 1970)
Aff'd 435 F.2d 172 (5th Cir. 1970)

No. 10

A shipowner is not required to warn of an open and obvious
danger, particularly when the one asserting the duty to
warn is in a better position because of expertise to
discern and appreciate the danger.

**Myers v. M/V EUGENIO C**
1992 AMC 570 (5th Cir. 1990)

No. 11

A shipowner in a Jones Act case has a duty to warn
employees "in an effective way of dangers not reasonably
know."  In other words, shipowners need not warn seaman of
dangers that are "open and obvious."

**Farrell v. United States**
167 F.2d 781, 783 (2nd Cir. 1948)

6

## *UNSEAWORTHINESS*

No. 12

The warranty of seaworthiness does not require that a seaman be furnished an accident-proof ship, nor does it make the shipowner an insurer of the seaman's safety.

### *Mitchell v. Trawler Racer, Inc.*
362 U.S. 539, 550, S.Ct. 926, 933, 4 L.Ed.2 941 (1960)

No. 13

 "Reasonably fit" is to be determined by a reasonable man standard.

### *Allen v. Seacoast Products, Inc.*
623 F.2d 355, 1981 AMC 1341 (5th Cir. 1980)

No. 14

In order to meet the burden of proving proximate cause in an action based on unseaworthiness, the plaintiff must show that the act or omission was proximate or direct and substantial cause of his injuries which in the natural and continuous sequence, unbroken by any efficient intervening cause, produces the results complained of and without which it would not have occurred.

### *Brophy v. Lavigne*
1987 A.M.C. 900 (1st Cir. 1986)

7

No. 15

The mere happening of an accident on the vessel does not establish that the vessel and its appurtenances were unseaworthy.

*Logan v. Empressa Lineas*
353 F.2d 373 (1st Cir. 1963)


No. 16

The shipowner is not required to furnish an accident-free ship under the warranty of seaworthiness.  The duty is absolute, but it is a duty only to furnish a ship, crew and equipment/appurtenances reasonably fit for their intended purpose.  The standard is not perfection but reasonable fitness.  If you find that the deck area, equipment/appurtenances and crew were reasonably fit for their intended purpose you will find for the defendant.

*Mitchell v. Trawler Racer*
362 U.S. 539, 80 S.Ct. 926, 4 L.Ed. 941 (1960)

*Schenker v. United States*
322 F.2d. 622 (2nd Cir. 1964)

*Doucette v. Vincent*
194 F.2d 834 (1st Cir. 1952)

8

## *COMPARATIVE FAULT*

No. 17

If you find that the plaintiff's actions in failing to
observe an open obvious and normal condition of the vessel
was voluntary and unforeseeable, then you must find that
the proximate cause of the injury was plaintiff's own
negligence and you must find for the defendant.

*Jackson v. Pittsburg S.S. Co.,*
131 F.2d 668 (6th Cir. 1942)

No. 18

If the jury finds that the plaintiff had an alternative
safe manner performing his task on deck but that he
deliberately chose an unsafe manner to perform his task,
then the jury is instructed that such failure of the
plaintiff is a proper basis for a finding of no recovery
for the plaintiff, or in the alternative, contributory
negligence against the plaintiff.

*Palermo v. Luckenback S.S. Co.*
355 U.S. 20 (1957)

*Asara v. Parisi*
297 F.2d. 859 (1st Cir. 1962)

9

No. 19

When the plaintiff joined the defendant's vessel he accepted all of the obvious and well-known risks of his calling.

*Roberts v. United Fisheries Vessels Co.*
141 F.2d. 288 (1st Cir. 1944)


No. 20

It is a fact of common knowledge that, in almost every occupation aboard ship, there is some inherent and unavoidable risk, which does not arise out of either negligence or unseaworthiness. A seaman, when he enters upon his calling, must assume all inherent and unavoidable risks of his occupation, as all persons must; and no person may recover for injuries resulting solely from such inherent and unavoidable risks.

*Mitchell v. Trawler Racer, Inc.*
362 U.S. 539, 550, S.Ct. 926, 933, 4 L.Ed.2 941 (1960)


No. 21

The plaintiff is bound at all times to use reasonable care for his own protection.

*Theall v. San Carline, Inc.*
241 F.Supp. 748 (W.D. LA 1963)

No. 22

If the jury finds that the plaintiff's injury was caused by the plaintiff's own failure to proceed with due skill, care and caution while working onboard the TUG TUCANA, then the jury's verdict will be for the defendant.

*Schlicter v. Port Arthur Towing Co.*
288 F.2d 801 (5th Cir. 1961)

*Bilger v. Maritime Overseas Corp.*
304 F.Supp. 1024 (N.D. Cal. 1969)

No. 23

The plaintiff has a continuing duty to select the safe manner of working when one was readily available. His failure to do so by not properly observing and open and obvious condition presents a basis for a finding no recovery for the plaintiff, or in the alternative, contributory negligence.

*Shields v. United States*
175 F.2d 743, (3rd. Cir. 1949)

*American Seafoods Co. v. Nowak*
2002 AMC 1659 (W.D. Wa. 2002)

No. 24

The defendant is not liable merely because a seaman has been injured. The defendant is liable only if he has been negligent or the vessel is unseaworthy and the negligence or unseaworthiness was the proximate cause of his injury.

11

If a seaman, without fault on the part of anyone else, is injured as a result of the normal hazards or risks of the business in which he is engaged, he is not entitled to recover damages from the defendant.

**_Rush v. Cargo Ships and Tankers_**
360 F.2d. 766 (2nd Cir. 1966)

**_Massey v. William-McWilliams_**
414 F.2d. 675 (5th Cir. 1969)

**_Roberts v. United Fisheries Vessels Co._**
141 F.2d 288 (1st Cir. 1944)

## _DAMAGES_

No. 25

Any verdict you might award the plaintiff is not subject to taxes under the federal or state income tax laws.

**_Norfolk & Western R.R. Co. v. Liepelt, Adm._**
444 U.S. 490, 100 S.Ct. 755, 62 L.Ed. 2689 (1980)

**_Domeracki v. Humble Oil & Refining Co._**
443 F.2d 1245, 1251 (3rd Cir. 1971)

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/Thomas    J.    Muzyka"_
**Thomas J. Muzyka**
**BBO NO. 365540**
**Terence G. Kenneally**
**BBO NO. 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165