UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK SACO,<br>      Plaintiff.<br><br>v.<br><br>TUG TUCANA CORPORATION,<br>      Defendant. | )<br>)<br>)<br>)<br>)           CIVIL ACTION NO.<br>)           03-12551-MBB<br>)<br>)<br>) |

**PLAINTIFF'S REQUEST FOR PROPOSED ADDITIONAL INSTRUCTIONS
TO THE JURY**

1. The Jones Act was enacted to meet the peculiar hazards of the seaman's vocation and to afford him protection and indemnity for injuries sustained in the course of his employment arising out of negligence of the shipowner or of persons for whose actions the shipowner is legally responsible.

   Jamison v. Emarnaction, 281 U.S. 635 (1930)
   Escandon v. Pan American Foreign Corp., 88 F.2d 276 (5th Cir. 1937)

2. In Jones Act Cases, "NEGLIGENCE" is to be construed liberally so as to include all meanings given to it in the light of the peculiar hazards of the seafaring profession.

<u>Jamison v. Emarnacion</u>, 281 U.S. 632 (1930)
<u>Escondon v. Pan American Foreign Corp.</u>, 88 F.2d 276 (5th Cir. 1937)

3.  If the jury finds that the defendant's negligence played any part, EVEN THE SLIGHTEST, then the jury should find for the plaintiff against the defendant.

    <u>Rogers v. Missouri Pacific Railroad Co.</u>, 352 U.S. 500 (1957)
    <u>Antonio DeLima v. Trindad Corp.</u>, 302 F.2d 585 (2nd Cir. 1962)

4. The Jones Act expressly imposes liability upon the defendant to pay damages for injury or death due "In whole of in part" to its negligence.

FELA at 45 U.S.C. § 51 (West 2005)
*incorp'd by* Jones Act at 46 App. U.S.C. § 688 (West 2005)
Kernan v. American Dredging Co., 355 U.S. 426 (1958)

5. The shipowner's duty is a continuing and personal one, the responsibility for which he cannot escape by delegating its performance to another.

Christopher v. Grueby, 40 F.2d 8 (1st Cir. 1930)

6. Under the Admiralty and Maritime Law, a shipowner owes to a crew member an absolute, nondelegable duty to furnish him with a seaworthy vessel, and if the shipowner's vessel, or its appliances, are in any way inadequate for the purpose for which they are intended, and as a result of said inadequacy the seaman is injured, the vessel is unseaworthy and the ship owner is responsible to the seaman in damages.

Mitchell v. Trawler Racer, Inc., 362 U.S. 539 (1960)

7. Unseaworthiness is a species of strict liability regardless of fault.  It is only necessary to show that the condition upon which the absolute liability is determined – unseaworthiness – exists.

<p style="padding-left: 2em;">Peterson v. Alaska S.S. Co., 205 F.2d 478 (9th Cir. 1953)<br>
Mitchell v. Trawler Racer, Inc., 362 U.S. 539 (1960)<br>
Seas Shipping Co. v. Sieracki, 328 U.S. 85 (1946)</p>

8. Lack of notice or knowledge on the part of the defendant of the unseaworthy condition is no defense to an action for unseaworthiness, liability for unseaworthiness being absolute and completely divorced from concepts of negligence.

   Mitchell v. Trawler Racer, Inc., 362 U.S. 539 (1960)

9. Unseaworthiness is a form of absolute duty owing to all within the range of its humanitarian policy.

Seas Shipping Co. v. Sieracki, 328 U.S. 85 (1946)

10. Unseaworthiness is a relative term and does not necessarily mean the inability of the vessel to sail or be navigable.  A vessel is unseaworthy with respect to a seaman or fisherman if it does not provide him with safe and suitable appliances with which to perform his work and if it does not provide him with a safe place in which to work and to live aboard the vessel.

11. A seaman must do his work as he is instructed and with the equipment available.  He is in no sense obligated to protest against the method, nor was he obligated to call for additional or different equipment.

<u>Ballwanz v. Isthmian Lines, Inc.</u>, 319 F.2d 457 (4th Cir. 1963)

Case 1:03-cv-12551-MBB     Document 43     Filed 01/22/2006     Page 11 of 18

12. Because of the nature of his employment, a seaman must serve his vessel, obey orders, be subject to discipline and work under conditions beyond his control.  This form of absolute duty on the part of the seaman has its correlative duty on the part of the shipowner, that of supplying and keeping in order a seaworthy vessel.

Ballwanz v. Isthmian Lines, Inc., 319 F.2d 457 (4th Cir. 1963)

13. "Liability for an unseaworthy condition does not in any way depend upon negligence or fault or blame.  That is to say, the shipowner or operator is liable for all injuries and consequent damage proximately caused by an unseaworthy condition existing at any time, even though the owner or operator my have exercised due care under the circumstances and may have had no notice or knowledge of the unseaworthy condition which proximately caused the injury or damage."

II Devitt & Blackmar, <u>Federal Practice and Instructions</u>, § 93.04 (1970)

14. "If you find any unfitness of the vessel... it does not matter, as far as the defendant's liability is concerned, how long or how short a time the condition or unfitness may have existed prior to the accident . . ."

II Devitt & Blackmar, <u>Federal Practice and Instructions</u>, § 93.06 (1970)

15. Contributory negligence of the plaintiff is not a defense but is merely grounds for mitigation of damages in proportion to the degree of contributory negligence, if any.

16. Assumption of the risk is no defense to the negligence of the defendant or of the unseaworthiness of the defendant's vessel, assumption of the risk in such cases being barred by statute.

45 U.S.C. § 54 (West 2005)
46 App. U.S.C. § 688 (West 2005)

17. For exoneration the shipowner has the burden of satisfying the court that prior to the commencement of the voyage the vessel, its appliances, appurtenances, and equipment, was staunch and safe for its intended voyage. This duty is an affirmative one.

18. For limitation the shipowner has the burden of satisfying the court that any negligence or unseaworthiness occurred without the privity or knowledge of the owner. This duty includes omission as well as commission and actual knowledge is not required as the duty extends to placing the burden on the shipowner for liability if he had the "means of knowledge."

Respectfully Submitted,
PLAINTIFF,
By his attorneys,

/s/Brian Keane
DAVID B. KAPLAN
BBO No. 258540
BRIAN KEANE
BBO No. 656717
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080

Date: January 22, 2006