**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **FRANK SACO,** | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **03-12551-MBB** |
| | ) | |
| **TUG TUCANA CORPORATION,** | ) | |
| **Defendant.** | ) | |

**DRAFT RE: COURT'S INSTRUCTIONS TO THE JURY**

**January ___ , 2006**

**LADIES AND GENTLEMEN:**

NOW THAT YOU HAVE HEARD ALL THE EVIDENCE AND THE ARGUMENTS OF COUNSEL, IT BECOMES MY DUTY TO GIVE YOU THE INSTRUCTIONS OF THE COURT CONCERNING THE LAW APPLICABLE TO THIS CASE.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS I SHALL STATE IT TO YOU, AND TO APPLY THAT LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE. YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE. NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY LAW STATED BY THE COURT.

REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW IS OR OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO

BASE A VERDICT UPON ANY VIEW OF THE LAW OTHER THAN THAT GIVEN IN THE INSTRUCTIONS OF THE COURT, JUST AS IT WOULD ALSO BE A VIOLATION OF YOUR SWORN DUTY, AS JUDGES OF THE FACTS, TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE IN THIS CASE.

IN DECIDING THE FACTS OF THIS CASE YOU MUST NOT BE SWAYED BY BIAS OR PREJUDICE OR FAVOR AS TO ANY PARTY.  OUR SYSTEM OF LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY PREJUDICE OR SYMPATHY OR PUBLIC OPINION.  BOTH THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL OF THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT, AND REACH A JUST VERDICT REGARDLESS OF THE CONSEQUENCES.

## CORPORATE DEFENDANT

IN THIS CASE, THE DEFENDANT IS A CORPORATION. THE MERE FACT THAT ONE OF THE PARTIES IS A CORPORATION DOES NOT MEAN THAT IT IS ENTITLED TO ANY LESSER CONSIDERATION BY YOU. ALL PERSONS ARE EQUAL BEFORE THE LAW, AND A CORPORATION, LARGE OR SMALL, IS ENTITLED TO THE SAME FAIR CONSIDERATION AS YOU WOULD GIVE ANY OTHER INDIVIDUAL PARTY.

I FURTHER INSTRUCT YOU THAT, ALTHOUGH A CORPORATION IS A PERSON UNDER THE LAW, A CORPORATION IN AND OF ITSELF CANNOT ACT. IT CAN ONLY ACT THROUGH ITS OFFICERS OR EMPLOYEES OR OTHER AGENTS. AND ANY ACT OR OMISSION OF AN OFFICER OR EMPLOYEE OR OTHER AGENT OF THE CORPORATION IN THE PERFORMANCE OF THAT AGENT'S DUTIES IS HELD IN LAW TO BE THE ACT OF THE CORPORATION.

FOR EXAMPLE, WHEN CONSIDERING THE ISSUE OF WHETHER THE DEFENDANT WAS NEGLIGENT, A CONCEPT THAT I WILL DESCRIBE LATER IN THESE INSTRUCTIONS, THE NEGLIGENCE OF THE CORPORATION IS ESTABLISHED BY PROOF THAT AN EMPLOYEE, OFFICER OR AGENT OF THE CORPORATION IN THE PERFORMANCE OF THAT OFFICER, EMPLOYEE OR OTHER AGENT'S OFFICIAL DUTIES ON BEHALF OF THE CORPORATION WAS NEGLIGENT AND THAT NEGLIGENCE WOULD BE THE NEGLIGENCE, IN FACT, OF THE CORPORATION.

SO WHEN JUDGING WHETHER OR NOT THE CORPORATION IS LIABLE, YOU JUDGE THE ACTS OR FAILURE TO ACT OF OFFICERS, EMPLOYEES OR

3

**AGENTS OF THE CORPORATION WHO ARE ACTING FOR THE CORPORATION IN THE PERFORMANCE OF THEIR DUTIES AS OFFICERS, EMPLOYEES OR AGENTS OF THE CORPORATION. AND THEIR ACTS ARE HELD TO BE ACTS OF THE CORPORATION IN THOSE CIRCUMSTANCES.**

## CONSIDERATION OF THE EVIDENCE

AS I HAVE STATED THROUGHOUT THIS CASE, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE. THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES, THE DEPOSITIONS AND THE EXHIBITS ADMITTED IN THE RECORD.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING, TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR NOTICE.

IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

SO, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

5

## CREDIBILITY OF WITNESSES

NOW, I HAVE SAID THAT YOU MUST CONSIDER ALL OF THE EVIDENCE. THIS DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.

YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OR "BELIEVABILITY" OF EACH WITNESS AND THE WEIGHT TO BE GIVEN TO HIS OR HER TESTIMONY.  IN WEIGHING THE TESTIMONY OF A WITNESS, YOU SHOULD CONSIDER HIS OR HER RELATIONSHIP TO THE PLAINTIFF OR TO THE DEFENDANT; HIS OR HER INTEREST, IF ANY, IN THE OUTCOME OF THE CASE; HIS OR HER MANNER OF TESTIFYING; HIS OR HER OPPORTUNITY TO OBSERVE OR ACQUIRE KNOWLEDGE CONCERNING THE FACTORS ABOUT WHICH HE OR SHE TESTIFIED; HIS OR HER CANDOR, FAIRNESS AND INTELLIGENCE; AND THE EXTENT TO WHICH HIS OR HER TESTIMONY HAS BEEN SUPPORTED OR CONTRADICTED BY OTHER CREDIBLE EVIDENCE.  YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.

ALSO, THE WEIGHT OF THE EVIDENCE IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES AS TO THE EXISTENCE OR NON-EXISTENCE OF ANY FACT.  YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THE TESTIMONY OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

YOU HAVE HEARD EVIDENCE OF DISCREPANCIES IN THE TESTIMONY OF CERTAIN WITNESSES, AND COUNSEL HAVE ARGUED THAT SUCH DISCREPANCIES ALONE ARE REASON FOR YOU TO REJECT THE TESTIMONY OF THOSE WITNESSES.  YOU ARE INSTRUCTED THAT EVIDENCE OF DISCREPANCIES MAY BE A BASIS TO DISBELIEVE A WITNESS' TESTIMONY BUT SUCH DISCREPANCIES DO NOT NECESSARILY MEAN THAT THE WITNESS' ENTIRE TESTIMONY SHOULD BE DISCREDITED.

PEOPLE SOMETIMES FORGET THINGS WITH TIME.  A TRUTHFUL WITNESS MAY BE NERVOUS AND CONTRADICT HIMSELF.  IT IS ALSO A FACT THAT TWO PEOPLE WITNESSING THE SAME EVENT MAY SEE OR HEAR IT DIFFERENTLY.  WHETHER A DISCREPANCY PERTAINS TO A FACT OF IMPORTANCE OR ONLY TO A TRIVIAL DETAIL SHOULD BE CONSIDERED AND WEIGHED AS TO ITS SIGNIFICANCE; BUT A VERIFIED FALSEHOOD ALWAYS IS A MATTER OF IMPORTANCE AND SHOULD BE CONSIDERED SERIOUSLY.

IT IS FOR YOU TO DECIDE, BASED ON YOUR IMPRESSION OF THE WITNESS, HOW TO WEIGH THE DISCREPANCY IN HIS OR HER TESTIMONY.  AS ALWAYS, I ADVISE YOU TO USE YOUR COMMON SENSE AND YOUR OWN JUDGMENT.

IF ANY WITNESS IS SHOWN TO HAVE WILLFULLY LIED ON THE WITNESS STAND ABOUT ANY MATERIAL MATTER, YOU HAVE THE RIGHT TO CONCLUDE THAT HE OR SHE HAS ALSO LIED ABOUT OTHER MATTERS.  YOU MAY ACCEPT WHATEVER PART YOU MAY THINK DESERVES TO BE

BELIEVED.

IT IS UP TO YOU TO DETERMINE WHETHER THE WITNESS TESTIFIED FALSELY AND WHETHER HE OR SHE DID SO DELIBERATELY.  IT IS ENTIRELY UP TO YOU TO DECIDE WHAT WEIGHT IF ANY SHOULD BE GIVEN TO THE TESTIMONY OF SUCH A WITNESS ON THE BASIS OF ALL THE EVIDENCE AND YOUR COMMON SENSE.

## IMPEACHMENT

A WITNESS MAY BE DISCREDITED OR "IMPEACHED" BY CONTRADICTORY EVIDENCE, BY A SHOWING THAT HE OR SHE TESTIFIED FALSELY CONCERNING A MATERIAL MATTER, OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS HAS SAID OR DONE SOMETHING, OR HAS FAILED TO SAY OR DO SOMETHING, WHICH IS INCONSISTENT WITH THE WITNESS' PRESENT TESTIMONY.

IN DECIDING WHETHER TO BELIEVE A WITNESS, YOU SHOULD SPECIFICALLY NOTE ANY EVIDENCE OF HOSTILITY OR AFFECTION WHICH THE WITNESS MAY HAVE TOWARDS ONE OF THE PARTIES. LIKEWISE, YOU SHOULD CONSIDER EVIDENCE OF ANY OTHER INTEREST OR MOTIVE THAT THE WITNESS MAY HAVE IN COOPERATING WITH A PARTICULAR PARTY.

IT IS YOUR DUTY TO CONSIDER WHETHER THE WITNESS HAS PERMITTED ANY SUCH BIAS OR INTEREST TO COLOR HIS OR HER TESTIMONY. IN SHORT, IF YOU FIND THAT A WITNESS IS BIASED, YOU SHOULD VIEW HIS OR HER TESTIMONY WITH CAUTION, WEIGH IT WITH CARE AND SUBJECT IT TO CLOSE AND SEARCHING SCRUTINY.

IF YOU BELIEVE THAT ANY WITNESS HAS BEEN SO IMPEACHED, THEN IT IS YOUR EXCLUSIVE PROVINCE TO GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY OR WEIGHT, IF ANY, AS YOU MAY THINK IT DESERVES.

## BURDEN OF PROOF

This case is somewhat different from common law that you may or may not have some familiarity with. This case is a maritime case and is brought under a congressional statute referred to as the Jones Act found at 46 App. U.S.C. sec. 688 and is considered remedial legislation to provide liberal recovery for injured seamen and describes the employer's liability for death or injury to employees. The Jones Act permits a claim for injury or death to be brought by a member of the crew injured while in the course of his employment. *See* 46 App. U.S.C. sec. 688.

THIS IS A CIVIL CASE AND AS SUCH THE PLAINTIFF, FRANK SACO, HAS THE BURDEN OF PROVING THE MATERIAL ALLEGATIONS OF HIS CLAIMS FOR NEGLIGENCE AND UNSEAWORTHINESS. SIMILARLY, WITH RESPECT TO THE DEFENSE OF COMPARATIVE NEGLIGENCE THAT HAS BEEN MADE BY THE DEFENDANT, TUG TUCANA CORPORATION, THE BURDEN OF PROOF IS UPON THE DEFENDANT TO PROVE THE MATERIAL ALLEGATIONS OF THE DEFENSE OF COMPARATIVE NEGLIGENCE.

IF, AFTER CONSIDERING ALL OF THE TESTIMONY, YOU ARE SATISFIED THAT THE PLAINTIFF HAS CARRIED HIS BURDEN OF PROOF ON EACH ESSENTIAL POINT AS TO WHICH HE HAS THE BURDEN OF PROOF, THEN YOU MUST FIND FOR THE PLAINTIFF ON HIS CLAIM. The amount of evidence required to support a finding of negligence under the Jones Act is lower than that which is required for common law negligence – even the slightest negligence is sufficient under the Jones Act. The plaintiff's burden is "featherweight." *See* Toucet v. Maritime Overseas Corp., 991

10

F.2d 5, 10 (1st Cir. 1993).  IN A CIVIL ACTION SUCH AS THIS, IT IS PROPER TO FIND THAT A PARTY HAS SUCCEEDED IN CARRYING THE BURDEN OF PROOF ON AN ISSUE OF FACT IF, AFTER CONSIDERING ALL THE EVIDENCE IN THE CASE, YOU BELIEVE THAT WHAT IS SOUGHT TO BE PROVED ON THAT ISSUE IS MORE LIKELY TRUE THAN NOT TRUE.  IF, ON THE OTHER HAND, YOU FIND THE TESTIMONY OF BOTH PARTIES TO BE IN BALANCE OR EQUALLY PROBABLE, THEN THE PLAINTIFF HAS FAILED TO SUSTAIN HIS BURDEN AND YOU MUST FIND FOR THE DEFENDANT.

THE TESTIMONY OF A SINGLE WITNESS WHICH PRODUCES IN YOUR MINDS BELIEF IN THE LIKELIHOOD OF TRUTH IS SUFFICIENT FOR THE PROOF OF ANY FACT, AND WOULD JUSTIFY A VERDICT IN ACCORDANCE WITH SUCH TESTIMONY, EVEN THOUGH A NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY IF, AFTER CONSIDERATION OF ALL OF THE EVIDENCE IN THE CASE, YOU HOLD A GREATER BELIEF IN THE ACCURACY AND HONESTY OF THE ONE WITNESS.  IN DETERMINING WHETHER A CLAIM HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY CONSIDER THE RELEVANT TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL RELEVANT EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

**Deleted:** THE PARTY WITH THE BURDEN OF PROOF ON ANY GIVEN ISSUE HAS THE BURDEN OF PROVING EVERY DISPUTED ELEMENT OF HIS OR THEIR CLAIM TO YOU BY A PREPONDERANCE OF THE EVIDENCE. ¶ WHAT DOES A "PREPONDERANCE OF THE EVIDENCE" MEAN?  A PREPONDERANCE OF THE EVIDENCE MEANS THE GREATER WEIGHT OF THE EVIDENCE.  IT REFERS TO THE QUALITY AND PERSUASIVENESS OF THE EVIDENCE, NOT TO THE NUMBER OF WITNESSES OR DOCUMENTS.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

THERE ARE, GENERALLY SPEAKING, TWO TYPES OF EVIDENCE FROM WHICH A JURY MAY PROPERLY FIND THE TRUTH AS TO THE FACTS OF A CASE.  ONE IS DIRECT EVIDENCE -- SUCH AS THE TESTIMONY OF AN EYE - WITNESS.  THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE-- THE PROOF OF A CHAIN OF CIRCUMSTANCES POINTING TO THE EXISTENCE OR NONEXISTENCE OF CERTAIN FACTS.

A FACT MAY BE ESTABLISHED BY DIRECT EVIDENCE OR CIRCUMSTANTIAL EVIDENCE OR BOTH.  A FACT IS ESTABLISHED BY DIRECT EVIDENCE WHEN PROVED BY DOCUMENTARY EVIDENCE OR BY WITNESSES WHO SAW THE ACTS DONE OR HEARD THE WORDS SPOKEN.  A FACT IS ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE WHEN THE FACT CAN BE FAIRLY AND REASONABLY INFERRED FROM OTHER FACTS.

I WILL NOW GIVE YOU AN EXAMPLE OF CIRCUMSTANTIAL EVIDENCE AND AN EXAMPLE OF DIRECT EVIDENCE.  IF YOU HAVE THE NEWSPAPER DELIVERED TO YOUR HOUSE EVERY MORNING AND IF, AT THE TIME YOU GO TO BED, THERE IS FRESH SNOW ON THE GROUND AND NO FOOTPRINTS IN THE SNOW AND, IN THE MORNING, IF YOU LOOK OUT THE WINDOW AND CAN SEE FOOTPRINTS IN THE SNOW AND SEE THE NEWSPAPER ON THE STEP THEN YOU CAN INFER THAT THE NEWSPAPER DELIVERY PERSON HAS BEEN THERE.  THIS INFERENCE IS MADE ON THE BASIS OF CIRCUMSTANTIAL EVIDENCE.  AN EXAMPLE OF DIRECT EVIDENCE WOULD BE IF YOU

**Deleted:** IF YOU FIND THAT THE CREDIBLE EVIDENCE ON A GIVEN ISSUE IS EVENLY DIVIDED BETWEEN THE PARTIES - THAT IT IS EQUALLY PROBABLE THAT ONE SIDE IS RIGHT AS IT IS THAT THE OTHER SIDE IS RIGHT - THEN YOU MUST DECIDE THAT ISSUE AGAINST THE PARTY HAVING THIS BURDEN OF PROOF.  THAT IS BECAUSE THE PARTY BEARING THIS BURDEN MUST PROVE MORE THAN SIMPLE EQUALITY OF EVIDENCE - HE OR THEY MUST PROVE THE ELEMENT AT ISSUE BY A PREPONDERANCE OF THE EVIDENCE.  IF, ON THE OTHER HAND, AFTER CONSIDERING ALL THE EVIDENCE IN THE CASE, YOU BELIEVE THAT WHAT IS SOUGHT TO BE PROVED ON THAT ISSUE IS MORE LIKELY TRUE THAN NOT TRUE, YOU MUST FIND FOR THE PARTY HAVING THE BURDEN OF PROOF ¶
-----------Section Break (Next Page)------------

PERSONALLY SAW THE NEWSPAPER BEING DELIVERED.

AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT A JURY FIND THE FACTS IN ACCORDANCE WITH THE PREPONDERANCE OF ALL THE EVIDENCE IN THE CASE, BOTH DIRECT AND CIRCUMSTANTIAL.

### EXPERT TESTIMONY

THE RULES OF EVIDENCE PROVIDE THAT IF SCIENTIFIC, TECHNICAL, OR SPECIALIZED KNOWLEDGE MIGHT ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE OR IN DETERMINING A FACT IN ISSUE, A WITNESS QUALIFIED AS AN EXPERT BY KNOWLEDGE, SKILL, EXPERIENCE, TRAINING, OR EDUCATION, MAY TESTIFY AND STATE HIS OR HER OPINION CONCERNING SUCH MATTERS. IN THIS CASE YOU HEARD THE TESTIMONY OF SEVERAL EXPERT WITNESSES.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT AS YOU MAY THINK IT DESERVES. IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE OPINION ENTIRELY.

**JURY INSTRUCTIONS ON SPECIFIC CLAIMS AND DEFENSES**

I WILL NOW INSTRUCT YOU ON THE SPECIFIC CLAIMS THAT HAVE

BEEN BROUGHT IN THIS CASE AND THE DEFENSE THAT HAS BEEN ASSERTED

TO THOSE CLAIMS.  A seaman has alternative avenues of recovery for injury or death.

He may recover if his injury or death occurred in whole or in part by the negligence of his

employer or shipowner or from the negligence of his fellow employees.  To recover for

negligence under the Jones Act a plaintiff must establish that the employer was negligent

and that the negligence was a cause, however slight, of his injury.  The plaintiff must also

demonstrate that the owner of the vessel knew or in the exercise of reasonable diligence

should have known of the unsafe condition.  *See* 46 App. U.S.C. sec. 688.  I HAVE

PREPARED A VERDICT FORM, WHICH IS A SERIES OF QUESTIONS, AND AS I

GIVE THESE INSTRUCTIONS I WILL BE REFERRING TO THE SPECIFIC

QUESTIONS IN THE VERDICT FORM.  THE QUESTIONS ARE IN SUCH A

SEQUENCE THAT WHEN YOU BEGIN YOUR DELIBERATIONS YOU SHOULD

CONSIDER THE ISSUES IN THE ORDER WHICH THE QUESTIONS ARE ASKED.

YOU MAY TAKE ONE COPY OF THE WRITTEN INSTRUCTIONS AND THE

VERDICT FORM TO THE JURY ROOM TO HAVE WITH YOU AS YOU

DELIBERATE.

IN THIS ACTION THE PLAINTIFF, FRANK SACO, WHO I WILL REFER TO

AS THE PLAINTIFF, HAS ASSERTED TWO SEPARATE CLAIMS.  THE FIRST

CLAIM IS FOR NEGLIGENCE AND THE SECOND CLAIM IS FOR WHAT THE LAW

TERMS THE UNSEAWORTHINESS OF THE VESSEL, THE TUG TUCANA.  THE

DEFENDANT, TUG TUCANA CORPORATION, WHO I WILL REFER TO AS THE
DEFENDANT, HAS ASSERTED A DEFENSE TO THESE CLAIMS WHICH IS
DENOMINATED COMPARATIVE NEGLIGENCE.  UNDER THIS DEFENSE, THE
DEFENDANT ALLEGES THAT THE PLAINTIFF WAS ALSO NEGLIGENT.  I WILL
NOW INSTRUCT YOU ON THE LAW GOVERNING EACH OF THE PLAINTIFF'S
CLAIMS AND THE DEFENDANT'S DEFENSE.

## CLAIM ONE:  NEGLIGENCE

THE FIRST CLAIM THAT THE PLAINTIFF MAKES AGAINST THE

DEFENDANT IS A CLAIM OF NEGLIGENCE.  The Jones Act was enacted to meet the

peculiar hazards of the seaman's vocation and to afford him protection and indemnity for

injuries sustained in the course of his employment arising out of the negligence of the

shipowner or of persons for whose actions the shipowner is legally responsible.  *See*

Jamison v. Emarnacion, 281 U.S. 635 (1930).

NEGLIGENCE IS THE breach OF A DUTY.  THE DUTY IS ONE IMPOSED BY

LAW.  The employer may be held liable under the Jones Act for risks that may be too

remote under common law.  Williams v. Long Island Railroad Co., 196 F.3d 402 (1999).

THIS STANDARD OF CARE ALSO APPLIES TO THE PLAINTIFF IN THE CONTEXT

OF THE DEFENDANT'S DEFENSE OF COMPARATIVE NEGLIGENCE.  AS I WILL

EXPLAIN IN MORE DETAIL LATER, THE DEFENDANT RAISES THE DEFENSE

THAT THE PLAINTIFF HIMSELF VIOLATED THIS STANDARD OF CARE AND

WAS HIMSELF NEGLIGENT.    I INSTRUCT YOU THAT NEGLIGENCE IS THE

FAILURE TO USE ORDINARY CARE UNDER THE CIRCUMSTANCES IN THE

MANAGEMENT OF ONE'S PERSON OR PROPERTY OR OF AGENCIES UNDER

ONE'S CONTROL.  IN THE CASE OF A SHIP OWNER, THE DUTY OF A SHIP

OWNER IS TO TAKE THAT ACTION WHICH A REASONABLY PRUDENT SHIP

OWNER WOULD TAKE IN THE MANAGEMENT OF HIS PROPERTY, I.E., THE

SHIP, IN ORDER TO AVOID INJURY EITHER TO HIMSELF, HIS PROPERTY OR

THE MEMBERS OF THE CREW AND THEIR PROPERTY.  IN OTHER WORDS,

**Formatted:** No underline

**Deleted:** UNDER THIS CLAIM, THE PLAINTIFF ESTABLISHES NEGLIGENCE IF HE PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT WERE NEGLIGENT BY FAILING TO EXERCISE THE DEGREE OF CARE THAT A REASONABLE AND PRUDENT MAN WOULD ORDINARILY HAVE EXERCISED UNDER THE CIRCUMSTANCES.

**Deleted:** VIOLATION

**Deleted:** AND, IN GENERAL, IT IS A DUTY TO CONFORM TO THE STANDARDS OF A REASONABLY PRUDENT PERSON FOR THE PROTECTION OF OTHERS AGAINST THE UNREASONABLE RISK OF HARM.  NEGLIGENCE IS CONDUCT THAT FALLS BELOW THE STANDARD ESTABLISHED BY LAW FOR THE PROTECTION OF OTHERS AGAINST UNREASONABLE RISK OF HARM. IT IS THE DOING OF SOME ACT WHICH A REASONABLY PRUDENT PERSON WOULD NOT DO OR THE FAILURE TO DO SOMETHING WHICH A REASONABLY PRUDENT PERSON WOULD DO WHEN PROMPTED BY CONSIDERATIONS WHICH ORDINARILY REGULATE THE CONDUCT OF HUMAN AFFAIRS.

NEGLIGENCE IS THE FAILURE TO USE ORDINARY CARE IN THE

MAINTENANCE OF A REASONABLY SAFE WORK PLACE FOR THE PLAINTIFF

WHO WAS A MEMBER OF THE CREW.

THE HALLMARK WITH RESPECT TO NEGLIGENCE IS

REASONABLENESS.  THE DEFENDANT, OR THE PLAINTIFF IN THE CONTEXT

OF THE DEFENDANT'S DEFENSE, IS UNDER A DUTY TO ACT REASONABLY.

THE FAILURE TO ACT REASONABLY IS NEGLIGENCE AND IT THEREFORE

DEPENDS UPON THE FAULT OF THE NEGLIGENT ACTOR.

AS I HAVE SAID, NEGLIGENCE IS THE FAILURE TO USE ORDINARY

CARE.  PLEASE NOTE THAT THE STANDARD IS OBJECTIVE, NOT SUBJECTIVE.

YOU SHOULD ASSESS WHAT THE REASONABLE PERSON WOULD DO IN THE

CIRCUMSTANCES, AND THEN DETERMINE WHETHER THE DEFENDANT, OR

THE PLAINTIFF IN THE CONTEXT OF THE DEFENDANT'S DEFENSE, ACTED IN

ACCORDANCE WITH THAT STANDARD.  THE STANDARD IS NOT SUBJECTIVE.

IT DOES NOT MATTER WHETHER THE DEFENDANT THOUGHT IT WAS ACTING

REASONABLY.  RATHER, THE TEST IS WHETHER FROM AN OBJECTIVE POINT

OF VIEW IT ADHERED TO THE STANDARD OF THE REASONABLE PERSON IN

THE CIRCUMSTANCES.

ORDINARY CARE IS NOT AN ABSOLUTE TERM BUT A RELATIVE ONE.

THAT IS TO SAY, IN DECIDING WHETHER ORDINARY CARE WAS EXERCISED

OR NOT EXERCISED IN A GIVEN CASE, THE CONDUCT IN QUESTION MUST BE

VIEWED IN LIGHT OF ALL THE SURROUNDING CIRCUMSTANCES IN

18

DETERMINING WHAT A REASONABLY PRUDENT PERSON WOULD HAVE DONE IN THOSE CIRCUMSTANCES, AND WHETHER THE DEFENDANT, OR THE PLAINTIFF IN THE CONTEXT OF THE DEFENDANT'S DEFENSE, ACTED AS A REASONABLY PRUDENT PERSON WOULD HAVE ACTED IN THOSE CIRCUMSTANCES.  YOU MAY CONSIDER WHETHER THE DEFENDANT KNEW OF THE CONDITION BEFORE APRIL 13, 2003, AND WHETHER AN ORDINARILY PRUDENT PERSON WOULD HAVE TAKEN STEPS TO CORRECT THE PROBLEM AND, IF YOU FIND THAT THE DEFENDANT DID TAKE STEPS TO CORRECT THE PROBLEM, WHETHER THE STEPS WERE SUFFICIENT WHEN JUDGED AGAINST THE OBJECTIVE STANDARD, I.E., WHAT A REASONABLY PRUDENT PERSON WOULD HAVE DONE IN THE CIRCUMSTANCES.  AGAIN, YOU SHOULD CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN DETERMINING WHAT A REASONABLY PRUDENT PERSON WOULD HAVE DONE IN THOSE CIRCUMSTANCES, AND WHETHER THE DEFENDANT ACTED AS A REASONABLY PRUDENT PERSON WOULD HAVE ACTED IN THOSE CIRCUMSTANCES.

I CAUTION YOU THAT IF YOU FIND THAT AN INCIDENT HAPPENED OR THAT AN INJURY WAS SUSTAINED, EITHER OR BOTH OF THOSE FACTS, STANDING ALONE, DOES NOT PERMIT YOU AS JURORS TO DRAW THE INFERENCE THAT THE INCIDENT WAS CAUSED BY ANYONE'S NEGLIGENCE. IN OTHER WORDS, THERE MUST BE PROOF OF MORE THAN THE MERE FACT THAT AN INCIDENT OCCURRED OR THAT AN INJURY WAS SUSTAINED.  IT

19

MUST BE SHOWN THAT THE INJURY WAS SUSTAINED AS A RESULT OF THE

NEGLIGENCE OF THE DEFENDANT OR ONE OF THE DEFENDANT'S AGENTS.

SO, THAT IS WHAT NEGLIGENCE IS UNDER THE PLAINTIFF'S FIRST

CLAIM.  BREACH OF THIS DUTY CAN ESTABLISH LIABILITY FOR

NEGLIGENCE PROVIDED THE PLAINTIFF ALSO ESTABLISHES THE

NECESSARY ELEMENT OF CAUSATION.  QUESTION ONE IS THE RELEVANT

QUESTION IN THE SPECIAL VERDICT FORM WITH RESPECT TO THE CLAIM

OF NEGLIGENCE.  IT ASKS YOU BOTH WHETHER THE PLAINTIFF HAS

ESTABLISHED THE DEFENDANT'S NEGLIGENCE AND WHETHER THAT

NEGLIGENCE WAS A CAUSE OF THE PLAINTIFF'S INJURIES.  I WILL NOW

INSTRUCT YOU ON THE ISSUE OF CAUSATION AS IT PERTAINS TO THE

PLAINTIFF'S CLAIM OF NEGLIGENCE.

## CAUSATION

IN ADDITION TO PROVING NEGLIGENCE, THE PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE NEGLIGENCE CAUSED THE INJURY TO HIM.  INJURY OR DAMAGE IS SAID TO BE CAUSED OR CONTRIBUTED TO BY AN ACT OR A FAILURE TO ACT WHEN IT APPEARS FROM A PREPONDERANCE OF THE EVIDENCE IN THE CASE THAT THE ACT OR OMISSION PLAYED ANY PART, NO MATTER HOW SMALL, IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY OR DAMAGE.  THE PLAINTIFF'S BURDEN IN THIS RESPECT IS ESSENTIALLY FEATHERWEIGHT.  IN OTHER WORDS, THE PLAINTIFF SATISFIES HIS BURDEN OF ESTABLISHING CAUSATION WHERE HE PROVES THAT THE DEFENDANT'S NEGLIGENCE CONTRIBUTED EVEN IN THE SLIGHTEST TO THE PLAINTIFF'S INJURY.  SO, IF YOU FIND FROM THE EVIDENCE IN THIS CASE THAT ANY NEGLIGENCE OF THE DEFENDANT CONTRIBUTED IN ANY WAY TOWARD ANY INJURY OR DAMAGE SUFFERED BY THE PLAINTIFF, YOU SHALL FIND THAT SUCH INJURY OR DAMAGE WAS CAUSED BY THE DEFENDANT'S ACT OR OMISSION.

FOR THE PURPOSE OF THE NEGLIGENCE CLAIM, THE PLAINTIFF'S BURDEN IS TO SHOW THAT THE DEFENDANT WAS NEGLIGENT AND THAT THE NEGLIGENCE TO WHATEVER DEGREE WAS A CAUSE OF THE PLAINTIFF'S INJURY.  THE PLAINTIFF DOES NOT HAVE TO PROVE THAT IT WAS THE ONLY CAUSE OR THE MAJOR CAUSE, JUST A CAUSE OF THE INJURY TO THE PLAINTIFF.

## CLAIM TWO:  UNSEAWORTHINESS

I WILL NOW INSTRUCT YOU ON THE LAW WITH RESPECT TO THE PLAINTIFF'S SECOND THEORY OF LIABILITY, THAT THE VESSEL WAS UNSEAWORTHY.

NOW, WHEREAS THE CLAIM FOR NEGLIGENCE FOCUSES ON THE ACTS OR OMISSIONS OF THE OWNERS, OFFICERS, EMPLOYEES OR AGENTS OF THE DEFENDANT, THAT IS, YOU ARE LOOKING AT THE INDIVIDUALS WHO ARE ACTING FOR THE CORPORATION AND DETERMINING WHETHER THEY HAVE EXERCISED ORDINARY CARE, IN THE CASE OF THE UNSEAWORTHINESS CLAIM, YOU ONLY LOOK AT THE VESSEL ITSELF AND THE CONDITION THAT YOU FIND EXISTED ON THE VESSEL AT THE TIME THE PLAINTIFF SUFFERED HIS INJURIES.

UNDER MARITIME LAW, EVERY SHIP OWNER OR OPERATOR OWES TO EVERY MEMBER OF THE CREW EMPLOYED ABOARD THE VESSEL THE NONDELEGABLE DUTY TO KEEP AND MAINTAIN THE SHIP IN A SEAWORTHY CONDITION.  TO BE IN A SEAWORTHY CONDITION MEANS TO BE IN A CONDITION REASONABLY SUITABLE AND FIT TO BE USED FOR THE PURPOSE OR USE FOR WHICH IT IS PROVIDED OR INTENDED.  CONVERSELY, A SHIP IS UNSEAWORTHY UNLESS IT AND ALL OF ITS APPURTENANCES AND CREW ARE REASONABLY FIT AND SAFE FOR THEIR INTENDED PURPOSES.  THE MERE HAPPENING OF AN INCIDENT ON THE VESSEL DOES NOT ESTABLISH THAT THE VESSEL AND ITS APPURTENANCES WERE UNSEAWORTHY.

22

AN UNSEAWORTHY CONDITION MAY ARISE FROM ANY NUMBER OF CIRCUMSTANCES.  FOR EXAMPLE, THE SHIP MAY LACK PROPER EQUIPMENT OR THE EQUIPMENT MAY BE IN DISREPAIR TO SUCH AN EXTENT THAT IT IS NOT REASONABLY FIT FOR THE PURPOSE OR USE FOR WHICH IT IS INTENDED OR PROVIDED.  THE GEAR MAY BE DEFECTIVE, APPURTENANCES MAY BE IN DISREPAIR, THE CREW UNFIT, THE NUMBER OF MEN ASSIGNED TO PERFORM A SHIPBOARD TASK MIGHT BE INSUFFICIENT, AND/OR THE METHOD OF LOADING THE CARGO OR MANNER OF ITS STORAGE MIGHT BE IMPROPER.  THESE ARE ALL EXAMPLES OF SITUATIONS WHICH MAY BE FOUND TO BE UNSEAWORTHY CONDITIONS.  ALTHOUGH A NUMBER OF THESE CONDITIONS ARE NOT ALLEGED IN THIS CASE, I CITE THEM AS EXAMPLES TO GIVE YOU A SENSE OF WHAT THE CONCEPTS OF A "SEAWORTHY" VESSEL AND AN "UNSEAWORTHY VESSEL" MEAN.

THE DEFENDANT IS REQUIRED TO PROVIDE EQUIPMENT AND CREW MEMBERS THAT ARE REASONABLY FIT FOR THEIR INTENDED PURPOSE OR CALLING.  THUS, THE DEFENDANT IS REQUIRED TO PROVIDE EQUIPMENT WHICH IS ONLY REASONABLY FIT.  THE LATEST AND MOST MODERN EQUIPMENT IS NOT REQUIRED SO LONG AS THE EQUIPMENT THAT IS PROVIDED IS REASONABLY FIT FOR ITS INTENDED PURPOSE.  AGAIN, THE TEST IS WHETHER THE EQUIPMENT IS REASONABLY FIT FOR ITS INTENDED PURPOSE.

LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY

**Deleted:** PERFECTION, HOWEVER, IS NOT REQUIRED. THE DEFENDANT IS NOT REQUIRED TO PROVIDE A PERFECT SHIP, PERFECT EQUIPMENT OR PERFECT CREW MEMBERS.  RATHER,

**Deleted:** ONLY

**Deleted:** THE DEFENDANT IS NOT REQUIRED TO PROVIDE A PERFECT SHIP.

DEPEND UPON NEGLIGENCE OR FAULT OR BLAME. THAT IS TO SAY, THE SHIP OPERATOR UNDER THE LAW IS LIABLE FOR ALL INJURIES AND CONSEQUENT DAMAGE PROXIMATELY CAUSED BY AN UNSEAWORTHY CONDITION EXISTING ON THE VESSEL EVEN THOUGH THE OPERATOR MAY HAVE EXERCISED DUE CARE UNDER THE CIRCUMSTANCES AND MAY HAVE HAD NO NOTICE OR KNOWLEDGE OF THE UNSEAWORTHY CONDITION WHICH PROXIMATELY CAUSED THE INJURY OR DAMAGE.

UNSEAWORTHINESS IS A SEPARATE CONCEPT FROM NEGLIGENCE. YOU SHOULD LOOK AT THE VESSEL ITSELF AND DECIDE WHETHER THE VESSEL AND THE PARTICULAR ASPECTS OF THE VESSEL THAT ARE INVOLVED IN THE CLAIM WERE REASONABLY FIT FOR THE PURPOSE OR USE FOR WHICH THEY WERE PROVIDED OR INTENDED. YOUR ANSWER IS NOT DEPENDENT UPON A FINDING OF NEGLIGENCE.

THUS, IF YOU FIND UNFITNESS OF THE VESSEL'S EQUIPMENT, IT DOES NOT MATTER, AS FAR AS THE DEFENDANT'S LIABILITY IS CONCERNED, HOW LONG OR HOW SHORT A TIME THE CONDITION OF UNFITNESS MAY HAVE EXISTED PRIOR TO THE ACCIDENT. NOR DOES IT MATTER THAT THE DEFENDANT DID NOT KNOW OF ITS EXISTENCE BEFORE THE INJURY OCCURRED. THE LENGTH OF TIME OF THE DEFENDANT'S KNOWLEDGE OR LACK OF KNOWLEDGE IS NOT PERTINENT HERE IF THE ELEMENTS OF THE PLAINTIFF'S CLAIM ARE ESTABLISHED.

THE PLAINTIFF IS ALSO NOT REQUIRED TO PROVE THAT THE ENTIRE

SHIP WAS UNSEAWORTHY, THAT IS, THAT SHE WOULD SINK IF SHE
ATTEMPTED TO FLOAT.  ALL THAT THE PLAINTIFF MUST PROVE BY A
PREPONDERANCE OF THE EVIDENCE IS THAT THE PART OF THE SHIP THAT
IS INVOLVED OR THE EQUIPMENT INVOLVED IN WHAT IS ALLEGED TO HAVE
CAUSED THE PLAINTIFF'S INJURIES WAS NOT REASONABLY FIT FOR ITS
INTENDED PURPOSE AT THE TIME AND THAT THE PLAINTIFF WAS INJURED
AS A RESULT.

## CAUSATION

I WILL NOW INSTRUCT YOU ON THE NECESSARY ELEMENT OF A CAUSAL CONNECTION THAT THE PLAINTIFF MUST ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE TO PREVAIL ON HIS UNSEAWORTHINESS CLAIM.

NOW, IN CONNECTION WITH THE CAUSAL CONNECTION THAT THE PLAINTIFF MUST PROVE, THE STANDARD IS DIFFERENT THAN THE STANDARD WHICH PERTAINS TO THE PLAINTIFF'S NEGLIGENCE CLAIM.  AS I TOLD YOU WITH THE PLAINTIFF'S FIRST CLAIM OF NEGLIGENCE, THE CAUSAL CONNECTION ONLY NEEDS TO BE A CONTRIBUTING CAUSE.  NO MATTER HOW SMALL A CONTRIBUTING CAUSE, AS LONG AS IT CONTRIBUTES IN SOME WAY TO THE INJURY, THE PLAINTIFF HAS MET HIS BURDEN OF PROOF ON THE NEGLIGENCE CLAIM.

WITH UNSEAWORTHINESS, HOWEVER, THE PLAINTIFF MUST PROVE THAT THE UNSEAWORTHY CONDITION WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT THE INJURY.  THAT IS, IT WAS A SUBSTANTIAL CAUSE IN BRINGING ABOUT THE INJURY.  SUBSTANTIAL CAUSE MEANS THAT THE UNSEAWORTHINESS PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE UNSEAWORTHINESS.

**Deleted:** A PROXIMATE CAUSE,

**Deleted:** PROXIMATE OR

QUESTION TWO IS THE RELEVANT QUESTION IN THE VERDICT FORM

WITH RESPECT TO THE PLAINTIFF'S UNSEAWORTHINESS CLAIM.  IT ASKS

YOU WHETHER THE VESSEL WAS UNSEAWORTHY AND WHETHER THAT

UNSEAWORTHINESS, IF ANY, WAS A DIRECT AND SUBSTANTIAL CAUSE OF AN

INJURY TO THE PLAINTIFF.

NOW, IF YOU ANSWER NO TO QUESTIONS ONE AND TWO, YOU SHOULD

NOT ANSWER ANY FURTHER QUESTIONS AND YOUR DELIBERATIONS WOULD

BE AT AN END.  OTHERWISE, YOU SHOULD CONTINUE TO ANSWER THE NEXT

QUESTION WHICH CONCERNS THE DEFENDANT'S DEFENSE OF

COMPARATIVE NEGLIGENCE.

## COMPARATIVE NEGLIGENCE DEFENSE

THE COMPARATIVE NEGLIGENCE DEFENSE INVOLVES THE ISSUE OF WHETHER THE PLAINTIFF HIMSELF WAS NEGLIGENT.  THUS, IN ADDITION TO DENYING THAT THEY WERE NEGLIGENT OR THAT THE VESSEL WAS UNSEAWORTHY OR THAT IT CAUSED ANY INJURY TO THE PLAINTIFF, THE DEFENDANT ALLEGES THAT SOME PERCENTAGE OF COMPARATIVE NEGLIGENCE ON THE PART OF THE PLAINTIFF HIMSELF WAS A CAUSE OF THE INJURIES AND CONSEQUENT DAMAGES THE PLAINTIFF SUSTAINED. COMPARATIVE NEGLIGENCE IS FAULT ON THE PART OF THE PERSON INJURED WHICH TO SOME DEGREE CAUSES THE INJURY.

BY THE DEFENSE OF COMPARATIVE NEGLIGENCE, THE DEFENDANT IN EFFECT ALLEGE THAT, EVEN IF IT COMMITTED SOME NEGLIGENT ACT OR OMISSION OR THAT THE VESSEL WAS UNSEAWORTHY, THE PLAINTIFF HIMSELF, BY HIS OWN FAILURE TO USE ORDINARY CARE IN ALL THE CIRCUMSTANCES FOR HIS OWN SAFETY, AT THE TIME AND PLACE IN QUESTION, ALSO CONTRIBUTED AS ONE OF THE CAUSES OF ANY INJURY HE SUSTAINED.  AS I HAVE PREVIOUSLY INSTRUCTED YOU, NEGLIGENCE IS THE FAILURE TO USE ORDINARY CARE.  THE PLAINTIFF THEREFORE HAS A DUTY TO EXERCISE THE CARE THAT AN ORDINARILY PRUDENT SEAMAN WOULD USE IN THE CIRCUMSTANCES AT THE TIME AND PLACE IN QUESTION. ORDINARY CARE IS THAT CARE WHICH A REASONABLY PRUDENT PERSON OR SEAMAN EXERCISES IN THE MANAGEMENT OF HIS AFFAIRS IN ORDER TO

AVOID AN INJURY TO HIMSELF OR HIS PROPERTY OR AN INJURY TO THE PERSON OR THE PROPERTY OF OTHERS. A SEAMAN HAS A DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE UNDER THE SAME OR SIMILAR CIRCUMSTANCES.

THE BURDEN IS ON THE DEFENDANT ALLEGING COMPARATIVE NEGLIGENCE TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE THAT THE PLAINTIFF HIMSELF WAS AT FAULT AND THAT SUCH FAULT WAS A CONTRIBUTING CAUSE OF THE INJURY HE SUSTAINED.

THE RELEVANT QUESTION IS POSED IN QUESTION THREE AND ASKS WHETHER THE DEFENDANT HAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT THE PLAINTIFF'S NEGLIGENCE CONTRIBUTED TO CAUSING HIS INJURIES. YOU SHOULD ANSWER THIS QUESTION YES OR NO.

IF YOU ANSWER QUESTION THREE NO, YOU NEED NOT ANSWER QUESTION FOUR BUT MAY MOVE DIRECTLY TO QUESTION FIVE WHICH DEALS WITH DAMAGES. IF YOU ANSWER QUESTION THREE YES, HOWEVER, YOU SHOULD ANSWER QUESTION FOUR AND DETERMINE THE RELATIVE FAULT ON THE PART OF THE PLAINTIFF AND THE DEFENDANT FOR THE INJURIES WHICH THE PLAINTIFF SUSTAINED. THIS IS EXPRESSED IN TERMS OF A PERCENTAGE. YOU SHOULD TAKE AS A GIVEN THAT THE TOTAL FAULT IS 100%. YOU SHOULD THEN APPORTION A PERCENTAGE TO THE PLAINTIFF AND APPORTION A PERCENTAGE TO THE DEFENDANT SUCH THAT THE

TOTAL FAULT EQUALS 100%.  THE APPORTIONMENT WOULD DEPEND ON THE EXTENT TO WHICH EACH IS AT FAULT FOR THE INJURY.  IF, FOR EXAMPLE, YOU FIND THAT THE DEFENDANT'S FAULT WAS GREATER THAN THAT OF THE PLAINTIFF, THE DEFENDANT'S PERCENTAGE WOULD BE HIGHER THAN THAT OF THE PLAINTIFF.  ON THE OTHER HAND, IF YOU FIND THAT THE PLAINTIFF'S FAULT IS GREATER THAN THAT OF THE DEFENDANT'S, THE PLAINTIFF'S PERCENTAGE WOULD BE GREATER THAN THAT OF THE DEFENDANT.  WHEN YOU HAVE MADE THE DETERMINATION, ENTER THE PERCENTAGES IN THE BLANK SPACES NEXT TO THE WORDS "THE PLAINTIFF" AND "THE DEFENDANT" IN QUESTION FOUR.

**DAMAGES**

I AM NOW GOING TO INSTRUCT YOU ON WHAT THE LAW IS WITH
RESPECT TO DAMAGES.  IN SO DOING, HOWEVER, I AM NOT ATTEMPTING TO
SUGGEST TO YOU WHAT YOUR VERDICT SHOULD BE.  YOU SHOULD ANSWER
THE QUESTION ON DAMAGES ONLY IF YOU HAVE ANSWERED EITHER OR
BOTH QUESTIONS ONE AND/OR TWO IN THE AFFIRMATIVE.

NOW, THE FIRST PRINCIPLE THAT YOU MUST KEEP IN MIND IN
ASCERTAINING THE AMOUNT OF DAMAGES IS THAT YOU ARE NOT TO
AWARD ANY DAMAGES FOR ANY INJURY OR CONDITION FROM WHICH THE
PLAINTIFF MAY HAVE SUFFERED OR MAY NOW BE SUFFERING UNLESS IT
HAS BEEN ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE THAT
THE PARTICULAR INJURY FOR WHICH DAMAGES ARE SOUGHT WAS CAUSED
BY THE INCIDENT IN QUESTION.  DAMAGES MUST BE PROVEN BY THE
PLAINTIFF BY A PREPONDERANCE OF THE EVIDENCE.  THE PLAINTIFF
SUSTAINS HIS BURDEN IF HE PROVES THAT THERE WAS A GREATER
LIKELIHOOD OF PROBABILITY THAT THE PARTICULAR INJURY
COMPLAINED OF WAS DUE TO THE INCIDENT FOR WHICH THE DEFENDANT
WAS RESPONSIBLE THAN TO ANY OTHER CAUSE.

THE SECOND PRINCIPLE WHICH YOU MUST KEEP IN MIND IS THAT THE
DAMAGES AWARDED MUST BE REASONABLE.  IF YOU SHOULD FIND THAT
THE PLAINTIFF IS ENTITLED TO A VERDICT, YOU MAY AWARD ONLY SUCH
DAMAGES AS WILL REASONABLY COMPENSATE HIM FOR THE INJURY HE

31

SUFFERED AS A RESULT OF THE INCIDENT.

YOU ARE ALSO NOT PERMITTED TO AWARD SPECULATIVE DAMAGES AND YOU ARE NOT ENTITLED TO AWARD PUNITIVE DAMAGES, THAT IS, MONEYS TO PUNISH A PARTY.  THE HALLMARK IS COMPENSATORY DAMAGES.  IN OTHER WORDS, YOUR DUTY, IF YOU FIND LIABILITY, IS TO COMPENSATE THE PLAINTIFF BY A MONETARY FIGURE FOR THOSE LOSSES HE SUFFERED AS A RESULT OF THE INCIDENT THAT WOULD REASONABLY COMPENSATE HIM FOR THE LOSSES THAT HE HAS SUSTAINED OR, AS NEAR AS POSSIBLE AS CAN BE DONE WITH MONEY, PUT HIM IN THE POSITION THAT HE WOULD HAVE BEEN IN HAD THE INCIDENT NOT OCCURRED.

THERE IS NO SPECIAL FORMULA FOR ASSESSING THE AMOUNT OF A DAMAGES AWARD.  IT IS YOUR OBLIGATION TO DETERMINE WHAT AMOUNT IS FAIR, JUST AND ADEQUATE.  YOU SHOULD BE GUIDED BY YOUR COMMON SENSE IN TRANSLATING INTO DOLLARS AND CENTS THAT AMOUNT OF MONEY THAT WILL FAIRLY AND REASONABLY COMPENSATE THE PLAINTIFF FOR THE FULL EXTENT OF HIS LOSSES.  IF LIABILITY IS FOUND, THE PLAINTIFF IS ENTITLED TO A FULL AND FAIR DAMAGES AWARD WHICH REASONABLY COMPENSATES HIM FOR ALL LOSSES WHICH ARE FOUND TO HAVE BEEN CAUSED BY THE INCIDENT IN QUESTION.

NOW, WHAT DAMAGES SHOULD BE AWARDED?  IN DETERMINING THE AMOUNT OF DAMAGES YOU MAY CONSIDER AND AWARD THE PLAINTIFF MONEYS THAT WILL FAIRLY AND REASONABLY COMPENSATE HIM FOR PAST

32

AND FUTURE PAIN AND SUFFERING.

WITH RESPECT TO PAIN AND SUFFERING, YOU MAY AWARD THE
PLAINTIFF DAMAGES THAT YOU FIND WILL COMPENSATE HIM REASONABLY
FOR ANY PAIN, SUFFERING OR MENTAL ANGUISH ALREADY SUFFERED BY
HIM CAUSED BY THE INJURY IN QUESTION AND FOR ANY PAIN, SUFFERING
OR MENTAL ANGUISH THAT YOU FIND FROM THE EVIDENCE IN THE CASE
THAT HE IS REASONABLY CERTAIN TO SUFFER IN THE FUTURE FROM THE
SAME CAUSE.  The plaintiff is also entitled to loss of function, loss of enjoyment of life
and scarring damages for his injuries.

THE PLAINTIFF IS ENTITLED TO REDRESS FOR HIS PHYSICAL INJURIES.
 THE TERMS PHYSICAL PAIN AND SUFFERING INCLUDE PHYSICAL
DISABILITY THAT THE PLAINTIFF HAS SUSTAINED AS A RESULT OF THE
INCIDENT AS WELL AS THE PHYSICAL AND MENTAL EFFECTS OF THE
PLAINTIFF'S INJURIES ON HIS ABILITY TO PERFORM THE NORMAL PURSUITS
AND PLEASURES OF LIFE.

IN THIS DIFFICULT TASK OF PUTTING A MONEY FIGURE ON AN ASPECT
OF AN INJURY THAT DOES NOT READILY LEND ITSELF TO EVALUATION IN
TERMS OF MONEY, YOU SHOULD TRY TO BE OBJECTIVE, CALM AND
DISPASSIONATE AND NOT TO BE UNDULY SWAYED BY CONSIDERATIONS OF
SYMPATHY.  ON THE OTHER HAND, YOU SHOULD BEAR IN MIND THAT,
ALTHOUGH INTANGIBLE, THE PLAINTIFF IS ENTITLED TO BE COMPENSATED
IN A REASONABLE AMOUNT FOR PAST AND FUTURE PAIN AND SUFFERING

AND MENTAL ANGUISH THAT ARE CAUSED BY THE INJURY IN QUESTION.

THERE IS ONE OTHER THING WITH RESPECT TO DAMAGES. WHEN YOU ARE DECIDING PAST DAMAGES, YOU ARE NOT TO ADD ANY INTEREST IN YOUR ANSWER TO QUESTION FIVE FROM APRIL 2003 TO TODAY'S DATE. THIS IS WHAT THE LAW TERMS PREJUDGMENT INTEREST. THERE ARE LATER QUESTIONS IN THE VERDICT FORM THAT DEAL WITH THE ISSUE OF PREJUDGMENT INTEREST AND I WILL EXPLAIN THIS AREA OF THE LAW TO YOU IN THE NEXT INSTRUCTION. AS FAR AS QUESTION FIVE IS CONCERNED, HOWEVER, YOU SHOULD NOT INCLUDE ANY INTEREST ON ANY DAMAGES YOU AWARD FOR PAST PAIN AND SUFFERING FOR THE PERIOD FROM APRIL 2003 TO THE PRESENT.

NOW, QUESTION FIVE ASKS YOU TO DETERMINE THE TOTAL AMOUNT OF DAMAGES THAT WILL FAIRLY AND REASONABLY COMPENSATE THE PLAINTIFF FOR THE INJURIES HE SUSTAINED WHICH WERE CAUSED BY THE APRIL 2003 INCIDENT. THEREFORE, IF YOU CHOOSE TO MAKE A DAMAGES AWARD, THE MONETARY FIGURE THAT YOU ENTER IN ANSWER TO QUESTION FIVE REPRESENTS THE TOTAL AMOUNT OF DAMAGES FOR PAST PAIN AND SUFFERING AND FUTURE PAIN AND SUFFERING.

IN ADDITION, IN ANSWERING QUESTION FIVE, YOU SHOULD NOT MAKE ANY REDUCTIONS BASED ON ANY PERCENTAGE OF FAULT WHICH YOU MAY HAVE ATTRIBUTED TO THE PLAINTIFF IN ANSWER TO QUESTION FOUR. IF APPROPRIATE, THE COURT WILL MAKE SUCH A DEDUCTION. YOU, AS

34

**JURORS, SHOULD NOT MAKE ANY ADJUSTMENT OR REDUCTION IN THE FIGURE THAT YOU PLACE IN ANSWER TO QUESTION FIVE BASED ON ANY FAULT THAT YOU MAY HAVE FOUND ON THE PART OF THE PLAINTIFF.**

## PREJUDGMENT INTEREST

NOW, THE LAST QUESTIONS IN THE VERDICT FORM, QUESTIONS SIX THROUGH EIGHT, INVOLVE THE ISSUE OF PREJUDGMENT INTEREST.  IF YOU FIND IN FAVOR OF THE PLAINTIFF ON THE UNSEAWORTHINESS CLAIM, THEN YOU MAY AWARD THE PLAINTIFF PREJUDGMENT INTEREST OF UP TO 12 PERCENT PER YEAR FROM THE DATE OF THE INCIDENT TO THE PRESENT ON THOSE LOSSES THAT THE PLAINTIFF HAS INCURRED TO DATE.  YOU SHOULD NOT, HOWEVER, AWARD PREJUDGMENT INTEREST ON ANY FUTURE DAMAGES THAT YOU MAY HAVE FOUND.

IN ADDITION, YOU SHOULD NOT AWARD PREJUDGMENT INTEREST ON ANY DAMAGES YOU AWARDED TO THE PLAINTIFF BASED ON THE PLAINTIFF'S NEGLIGENCE CLAIMS.  THE PLAINTIFF IS NOT ENTITLED TO AN AWARD OF PREJUDGMENT INTEREST UNDER HIS CLAIM AGAINST THE DEFENDANT FOR THE DEFENDANT'S NEGLIGENCE.  ACCORDINGLY, QUESTION SEVEN ASKS YOU TO STATE THE AMOUNT OF PAST DAMAGES CAUSED BY THE UNSEAWORTHY CONDITION OF THE TUG TUCANA ON WHICH YOU CHOSE TO MAKE AN AWARD OF PREJUDGMENT INTEREST.  IT DOES NOT ASK YOU TO STATE THE AMOUNT OF PAST DAMAGES CAUSED BY THE DEFENDANT'S NEGLIGENCE.

WHETHER YOU MAKE SUCH AN AWARD OF PREJUDGMENT INTEREST IS ENTIRELY IN YOUR DISCRETION.  THE GENERAL PURPOSE FOR AWARDING PREJUDGMENT INTEREST, SHOULD YOU DEEM SUCH AN AWARD

APPROPRIATE IN YOUR DISCRETION, IS TO COMPENSATE THE PLAINTIFF FOR THE DELAY IN RECEIVING THE MONEY DAMAGES SO THAT HE MAY BE MADE WHOLE.  QUESTION SIX THEREFORE ASKS WHETHER, IN YOUR DISCRETION, YOU CHOOSE TO MAKE AN AWARD OF PREJUDGMENT INTEREST WHICH IS THE INTEREST FOR THE PERIOD FROM APRIL 2003 TO THE PRESENT ON THE AMOUNT OF THOSE PAST LOSSES CAUSED BY THE UNSEAWORTHY CONDITION  OF THE TUG TUCANA.

IF YOU CHOOSE TO AWARD PREJUDGMENT INTEREST AND YOU ENTER A DOLLAR AMOUNT IN QUESTION SEVEN, THEN QUESTION EIGHT ASKS YOU TO DETERMINE THE INTEREST RATE.  IN ANSWER TO QUESTION EIGHT, YOU CAN INDICATE A PERCENTAGE WHICH YOU THINK IS MOST APPROPRIATE. YOU MAY CONSIDER THE PREJUDGMENT INTEREST RATE UTILIZED IN MASSACHUSETTS FOR PERSONAL INJURY CASES LIKE THIS ONE WHICH IS TWELVE PERCENT.  I CAUTION YOU, HOWEVER, THAT THE INTEREST RATE SHOULD NOT EXCEED 12 PERCENT.  IN GENERAL, YOU SHOULD CHOOSE A RATE FOR THE ENTIRE PERIOD THAT YOU THINK IS FAIR AND JUST.

### UNANIMOUS VERDICT AND CONCLUSION

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE THERETO.  IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER, AND TO DELIBERATE IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO YOUR INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.  IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS.  BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES, YOU ARE NOT PARTISANS.  YOU ARE JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

I HAVE ALREADY SELECTED [INSERT NAME] TO ACT AS YOUR FOREMAN.  AS FOREMAN, [INSERT NAME] WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESMAN HERE IN COURT.  I HAVE

PREPARED THE VERDICT FORM WITH THE SERIES OF QUESTIONS I HAVE
DESCRIBED FOR YOUR CONVENIENCE.

YOU WILL TAKE THE VERDICT FORM TO THE JURY ROOM, AND WHEN
YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU
WILL HAVE THE FOREMAN FILL IT IN, DATE AND SIGN IT, AND THEN RETURN
TO THE COURTROOM.

IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO
COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR MESSAGE OR
QUESTION TO WRITING SIGNED BY THE FOREMAN, AND PASS THE NOTE TO
THE MARSHAL WHO WILL BRING IT TO MY ATTENTION.  I WILL THEN
RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING
YOU RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS YOU
ORALLY.  I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR
QUESTION YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY
YOUR NUMERICAL DIVISION AT TIME.