UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
03-12551-MBB

**FRANK SACO**
    **Plaintiff,**

vs.

**TUG TUCANA & TUG TUCANA CORPORATION,**
    **Defendants.**

### DEFENDANT, TUG TUCANA CORPORATION'S, MOTION TO PRECLUDE DR. SALLY RUDICEL FROM TESTIFYING AT TRIAL AND MOTION TO EXCLUDE THE PLAINTIFF FROM OFFERING DR. SALLY RUDICEL'S MEDICAL REPORTS AS INADMISSBLE HEARSAY

Now comes the defendant, Tug Tucana Corporation, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court to preclude Dr. Sally Rudicel from testifying for the plaintiff at trial.  In addition, the defendant respectfully moves this Honorable Court to exclude Dr. Rudicel's medical reports as inadmissible hearsay pursuant to Federal Rule of Evidence 802.

As grounds in support of these Motions, the defendant offers the following for the Court's consideration.

**BACKGROUND**

On January 16, 2006, the parties submitted their Joint Pre-Trial Memorandum, which identifies Dr. Rudicel as a medical expert to testify on the defendant's behalf

at trial.  The defendant submits that Dr. Rudicel was listed in the pre-trial memorandum solely as a rebuttal witness in anticipation that her testimony may be needed to counter any opinions offered by the plaintiff's medical expert, Dr. Christopher Chiodo.  The defendant listed Dr. Rudicel as an expert witness pursuant to the expert witness disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

During discovery, the defendant retained Dr. Rudicel to examine the plaintiff on two separate occasions to determine the medical status of his injured right foot. Dr. Rudicel examined the plaintiff's right foot on January 25, 2005 and October 25, 2005 respectively.  After each examination, Dr. Rudicel submitted reports to the defendant's counsel detailing her examination and findings of the plaintiff's right foot.  Copies of Dr. Rudicel's reports submitted to the defendant's counsel are enclosed herewith as **Exhibit 'A'.**  As required under Federal Rule of Civil Procedure 35, copies of Dr. Rudicel's report were submitted to the plaintiff's counsel.  Dr. Rudicel's deposition was never noticed by the plaintiff's counsel during the lengthy course of discovery in this matter.

During the course of the plaintiff's case at trial, plaintiff's counsel inquired of defendant's counsel

whether the defendant would call Dr. Rudicel as a witness in its case.  Defendant's counsel informed plaintiff's counsel that the defendant may call Dr. Rudicel as she was listed on the defendant's witness list.  The defendant had yet to decide whether to call Dr. Rudicel because motions to preclude Dr. Chiodo's testimony were pending before the Court and the defendant did not know Dr. Chiodo's substantive testimony.  In response to this information, the plaintiff's counsel served a subpoena upon Dr. Rudicel on January 24, 2005 requiring her appearance at trial to testify as a medical witness on behalf of the plaintiff.  The plaintiff's serving of the subpoena is the first time that he identified or disclosed that he wished to call Dr. Rudicel as a medical witness at trial.[1]

**ARGUMENT**

The defendant submits that Dr. Rudicel should properly be precluded from testifying for the plaintiff at trial because the plaintiff did not identify her as a witness to appear on his behalf at trial.  The defendant submits that permitting Dr. Rudicel to testify on behalf of the plaintiff will severely prejudice the defendant's

---

[1] The defendant submits that the circumstances of the case at bar differ from the case of ***Grajales-Romero v. American Airlines, Inc. (1st Cir 1999)*** where the examining physician under Fed.R.Civ.P 35(b) was designated as a non-testifying witness under Fed.R.Civ.P 26(b)(4)(B) by the identifying party.

case and if allowed, her testimony will violate the provisions of Federal Rules of Civil 26 (a)(3).[2]

In addition, any information Dr. Rudicel may offer concerning the plaintiff's medical condition will be cumulative and covered by testimony from the plaintiff's treating physician, Dr. Christopher Chiodo. *See **Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc., 2000 WL 1880283.*** Further, the plaintiff may offer evidence concerning his medical condition through his own testimony or by offering his medical records under the business record exception to the hearsay rule.[3] Consequently, the plaintiff has other more reliable evidence, other than Dr. Rudicel's testimony, available to offer for the jury's consideration. *See **Kissinger v. Lofgren, 836 F.2d 678, 683-684 (1st Cir 1988).*** Here, Dr. Rudicel has only examined the plaintiff on two occasions for the purpose of confirming his medical condition for the defendant. Her opinions were not formulated in any way for the purposes of treating the plaintiff's medical

---

[2] Fed.R.Civ.P 26(a)(3) Pretrial Disclosures. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment: (A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

[3] Fed.R.Evid. 803(6) Records of Regularly Conducted Activity.

condition.  Accordingly, Dr. Rudicel's anticipated testimony is merely cumulative evidence of the plaintiff's medical condition at the time she examined him. Therefore, Dr. Rudicel should be precluded from testifying as a witness in support of the plaintiff's claims.

Dr. Rudicel was retained as an orthopedist by the defendant to examine the plaintiff's medical condition during the course of this litigation.  She authored two reports concerning her examinations of the plaintiff and submitted them to the defendant's counsel, which were, in turn, timely produced to the plaintiff's counsel.  The defendant submits that Dr. Rudicel's reports are inadmissible hearsay because they were prepared in anticipation of litigation and do not fall under any applicable exception to the hearsay rule.  See ***Scheerer v. Hardee's Food Systems, Inc. 92 F.3d 702, 706 (8th Cir 1996).***  Dr. Rudicel's reports are not records kept in the ordinary course of her medical practice and therefore do not fall under the business record exception of Fed.R.Evid. 803(6).  ***Id. at 707.***  Dr. Rudicel was retained by the defendant during the course of this litigation to examine the plaintiff and therefore, she authored and submitted reports as required under the Federal Rule of Civil Procedure.  Accordingly, the reports are

inadmissible as hearsay under the Federal Rules of Evidence and this Honorable Court should exclude the plaintiff from offering Dr. Rudicel's reports into evidence.

**WHEREFORE**, the defendant, Tug Tucana Corporation, prays that this Honorable Court preclude Dr. Sally Rudicel from testifying for the plaintiff at trial and the defendant respectfully moves this Honorable Court to exclude Dr. Rudicel's medical reports as inadmissible hearsay pursuant to Federal Rule of Evidence 802.

By its attorneys,
**CLINTON & MUZYKA, P.C.**


"/s/Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165