UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
03-12551-MBB

**FRANK SACO**
    **Plaintiff,**

vs.

**TUG TUCANA & TUG TUCANA CORPORATION,**
    **Defendants.**

### DEFENDANT, TUG TUCANA CORPORATION'S, MOTION IN LIMINE TO EXCLUDE THE DEPOSITION TESTIMONY OF JOSEPH LOMBARDI

Now comes the defendant, Tug Tucana Corporation, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court to exclude the deposition testimony of Joseph Lombardi, the plaintiff's liability expert. As grounds in support of this Motion, the defendant offers the following for the Court's consideration.

**ARGUMENT**

The defendant submits that this Honorable Court should properly exclude the deposition testimony of Mr. Lombardi because it is hearsay pursuant to Rule 801(c) of the Federal Rules of Evidence. Pursuant to Rule 804(b), a witness' former testimony is admissible if "the party

against whom the testimony is now offered … had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." However, before the provisions of Rule 804(b) are implicated, the moving party must establish that he was unable to procure the witness' attendance at trial by process or other reasonable means.[1] "The availability inquiry under Rule 804(a) turns on whether the proponent of the former testimony acted in good faith and made a reasonable effort to bring the declarant to court." *United States v. Johnson*, 108 F.3d 919, 922 (8th Cir. 1997).

Courts that have addressed the unavailability of witnesses have distinguished between factual and expert witnesses. "Parties are expected to use other reasonable means to procure the attendance of their experts because the parties select their experts and arrange for their appearance at trial. In *Carter-Wallace*, Judge Friendly, writing for the Court of Appeals for the Second Circuit, stated that 'there is something unusual about the use of the prior testimony of an expert witness that calls for further scrutiny of his unavailability.'" *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, 2000 WL 135129 (D.Del. 2000). "Since the expert is under the control of the

---

[1] *Rule 804(a)(5).*

offering litigant, due diligence must be used to secure attendance at trial." *Thompson v. Merrell Dow Pharmaceuticals, Inc.*, 551 A.2d. 177 (N.J.Super. 1988).

The plaintiff has failed to demonstrate that he exercised due diligence and good faith in procuring Mr. Lombardi's attendance at trial. Based upon information and belief, plaintiff's counsel did not contact Mr. Lombardi to determine his availability until several days prior to the commencement of trial. At that time, Mr. Lombardi informed plaintiff's counsel that he would not be available to testify at trial. It does not appear that the plaintiff contacted his expert prior to the Final Pre-Trial Conference to determine his availability. *Id*. ("The proponent of the expert must attempt to arrange a trial date at which the expert can appear"). Additionally, the plaintiff never served his expert with a subpoena requiring his attendance at trial.

There is also no evidence that the plaintiff attempted to secure Mr. Lombardi's attendance by other means. For instance, the plaintiff never attempted to obtain his videotaped deposition prior to trial, even though he was fully aware of his unavailability and had sufficient time to obtain the deposition before the trial. Additionally, there is no evidence that plaintiff's

counsel persuaded Mr. Lombardi's attendance despite his scheduled plans, or requested that he alter his travel arrangements to comply with the scheduled trial date.[2] There is also no evidence that the plaintiff offered to satisfy Mr. Lombardi's expert fees and expenses associated with his anticipated trial testimony. The plaintiff has not satisfied his burden pursuant to Rule 804(a).

Additionally, Mr. Lombardi's deposition testimony should be excluded pursuant to Rule 32(a)(3) of the Federal Rules of Civil Procedure. Although Mr. Lombardi is currently outside the United States, his absence at trial was procured by plaintiff's counsel's failure to exercise due diligence and good faith. See, i.e. **Polys v. Trans-Colorado Airlines**, 941 F.2d 1404 (10th Cir. 1991) (holding District Court was not automatically required to admit the deposition testimony under Rule 32(a)(3)(B) just because the witnesses were more than 100 miles away; the trial judge appropriately considered surprise to opposing counsel); **Hanson v. Parkside Surgery Ctr**., 872 F.2d 745 (6TH Cir. 1989) (holding not error to exclude expert deposition testimony under Rule 32 where expert's absence was 'at least in part due to plaintiff's own lack of diligence").

---

[2] **Angelo v. Armstrong World Industries, Inc.**, 11 F.3d 957 (10th Cir. 1993).

In conclusion, given the rules for live testimony, the apparent absence of any effort by the plaintiff to secure Mr. Lombardi's attendance at trial, and the "importance of the jury to see and observe the expert's testimony and cross-examination on the issues to determine the expert's credibility and reliability," the Court should properly conclude that Mr. Lombardi's deposition testimony is inadmissible under Fed.R.Evid. 804(a) and Fed.R.Civ.P. 32(a)(3). *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, 2000 WL 135129 (D.Del. 2000); *In Re Air Crash Disaster at Stapleton Int'l Airport*, 720 F.Supp. 1493, 1502 (D.Colo. 1989) (refusing to admit deposition testimony, in part, because the jury needed to consider and evaluate the witness' credibility).

**WHEREFORE**, the defendant, Tug Tucana Corporation, prays that this Honorable Court exclude the deposition testimony of Joseph Lombardi.

By its attorneys,
**CLINTON & MUZYKA, P.C.**

"/s/Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165