From: Brian Keane [BKeane@KaplanBond.com]
Sent: Thursday, January 26, 2006 7:07 PM
To: tkenneally@rcn.com
Subject: Instructions

Terry,

We would like this added on page 17 after the first paragraph:

A seaman must do his work as he is instructed and with the equipment available.  He is in no sense obligated to protest against the method, nor was he obligated to protest against the method, nor was he obligated to call for additional or different equipment.  Ballwanz v. Ishthmian Lines, Inc., 319 F.2d 457.

We would like this added on page 33 after the sentence that ends with "INCIDENT IN QUESTION".

It is well settled at law that in an action for damages, the tortfeasor takes the plaintiff as he finds him.[1]  For example, if you find that Frank Saco had a pre-existing condition that made him more susceptible to injury than a person in good health, then the shipowner, Tug Tucana Corp., is responsible for the injuries suffered by Frank Saco as a result of Tug Tucana Corp.'s negligence – even if those injuries are greater than a person in good health would have suffered under the same circumstances.[2]

    Though Tug Tucana Corp. is not liable for Frank Saco's pain or impairment caused by a pre-existing condition, if you find that Tug Tucana Corp. negligently caused further injury or aggravation to a pre-existing condition, then Frank Saco is entitled to compensation for that further injury or aggravation.  If you cannot separate the pain or disability caused by the pre-existing condition from that caused by Tug Tucana Corp.'s negligence, then Tug Tucana Corp. is liable for all of Frank Saco's injuries.[3]

    On page 35 before the end of the third paragraph please add the language in bold: "**THE PLAINTIFF IS ENTITLED TO BE COMPENSATED IN A REASONABLE AMOUNT FOR PAST AND FUTURE.**

Let me know what you think.

Thank you,

Brian Keane

THE KAPLAN/BOND GROUP

88 Black Falcon Avenue

Suite 301

Boston, MA 02210

P: (800) 864-0051

F: (617) 261-1558

--------------------------------------------------------------------------------

[1] U. S. v. Feola, 420 U.S. 671, 685 (1975), Figueroa-Torres v. Toledo-Davila, 232 F.3d 270, 275 (1st Cir. 2000).

[2] Pattern Jury Instructions for Cases of Maritime Personal Injury for the District Courts of the United States Court of Appeals for the First Circuit (Hornby, J.D., ME).

[3] Id.