UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

                                                   CIVIL ACTION
                                                   NO. 03-12551-MBB

**FRANK SACO,**
        **Plaintiff,**

VS.

**TUG TUCANA and
TUG TUCANA CORPORATION,**
        **Defendants.**


**DEFENDANT, TUG TUCANA CORPORATION'S, MOTION FOR A FURTHER EXTENSION OF TIME TO FILE ITS OPPOSITION TO PLAINTIFF'S MOTION TO INCREASE MAINTENANCE AND CURE AND REQUEST FOR EXPEDITED HEARING BY THE COURT AND MOTION TO COMPEL THE PLAINTIFF TO APPEAR FOR AN INDEPENDENT MEDICAL EXAMINATION AND HIS REOPENED DEPOSITION**

    Now comes the defendant, Tug Tucana Corporation, in the above-entitled action, by and through its undersigned counsel, and hereby files its Motion for a Further Extension of Time to file its Opposition to plaintiff's Motion to Increase Maintenance and Cure and Request for Expedited Hearing by the Court and Motion to Compel the Plaintiff to Appear for an Independent Medical Examination and his Reopened Deposition.

    As grounds in support of its motion, the defendant submits the following.

**BACKGROUND**

On August 17, 2006, the plaintiff filed a Motion to Increase Maintenance and Cure and Request for Expedited Hearing by the Court.  Since filing its Assented to Motion for an Extension of Time to file its Opposition on August 30, 2006, the defendant has begun its search for a copy of the Collective Bargaining Agreement applicable to the pipe laying project performed in Beverly Harbor in April 2003.  Shortly before beginning its search for a copy of the Collective Bargaining Agreement, the defendant's Treasurer and office manager, Mr. Marc Villa, became ill, was out of work, and unable to complete a search for a copy of the Collective Bargaining Agreement.  Mr. Villa recently returned to work and resumed the search.  However, the defendant requires additional time to complete its search for a copy of the Collective Bargaining Agreement.

Further, on August 31, 2006, defense counsel learned that the plaintiff continues to seek medical treatment for his right foot when it obtained a copy of a medical treatment record from the plaintiff's treating orthopedic, Dr. Christopher Chiodo.  A copy of Dr. Chiodo's medical record dated August 2, 2006 is enclosed herewith as **Exhibit No. 1**.  In his report, Dr. Chiodo notes that "radiographs show what appears to be a solid fusion."  Upon information

and belief, the defendant submits that the radiographs referred to by Dr. Chiodo were taken in May 2005.  Defense counsel has requested copies of these radiographs from the Faulkner Hospital in Jamaica Plain, Massachusetts pursuant to a HIPPA Authorization Form signed by the plaintiff.  Defense counsel intends to submit the radiographs to an independent medical examiner, Dr. Hyman Glick, for his review.  A copy of Dr. Glick's curriculum vitae has been submitted to the plaintiff's counsel.  Since the plaintiff reports to Dr. Chiodo that his right foot is weak and stiff, the defendant seeks an independent medical examination to be conducted by Dr. Glick on October 4, 2006 at 2:00 p.m.

   Further the defendant seeks to open the plaintiff's deposition to examine his recently alleged damages in support of his Motion to Increase Maintenance and Cure.  The plaintiff seeks an increase of approximately $43.00 per day over the current rate of Maintenance.  In support of his claim, he alleges incurring several daily expenses, such as automobile insurance, which have not been investigated at trial or his previous depositions.  Now, some seventeen [17] months after his deposition, the plaintiff alleges he is unable to meet his daily living expenses.  Accordingly, he should be required submit to a deposition to support these allegations.

**ARGUMENT**

The defendant submits that the plaintiff's allegation that he is unable to meet his daily living expenses is unsubstantiated by the current record and the defendant is required to investigate his ongoing complaints of weakness, pain and stiffness in his right foot under its Cure obligation.  When a seaman's "condition has stabilized and further progress ended short of a full recovery, the seaman ... is no longer entitled to maintenance and cure." ***Whitman v. Miles***, 387 F.3d 68, 72, (1st Cir.2004) *citing to* ***In re RJF Int'l Corp. for Exoneration from or Limitation of Liab.***, 354 F.3d 104, 106 (1st Cir.2004).  Palliative treatment such as pain management is not Cure for which the vessel owner is responsible to provide to the plaintiff. ***Farrell v. U.S.***, 336 U.S. 511, 518 (1949).  Under the doctrine of Cure, payments made for Maintenance and Cure, once found unsupported, are not recoverable. ***Id.*** at 516.

The plaintiff claims that he is unable to work, unable to meet his daily living expenses, and continues to seek medical treatment for his right foot injury.  The defendant is entitled to investigate the cause[s] of the plaintiff's ongoing complaints of weakness, pain and stiffness in his right foot, the reasons for his inability to work and the

facts that he alleges in support of his claims for increased Maintenance. Accordingly, the defendant seeks an Order from this Honorable Court that requires the plaintiff to appear for an independent medical examination and to present at defense counsel's office for the reopening of his deposition.

In order to complete the medical examination and plaintiff's deposition, the defendant seeks an Order granting it an additional seventy-five [75] days from the date of this Honorable Court's ruling on these Motions to obtain a copy of the Collective Bargaining Agreement, conduct the plaintiff's independent medical examination, and obtain his reopened deposition. After completing the plaintiff's independent medical examination and his reopening deposition, the defendant will file its Opposition to plaintiff's Motion to Increase Maintenance and Cure and Request for Expedited Hearing by the Court no later than November 30, 2006.

**WHEREFORE**, the defendant prays that this Honorable Court, for the reasons stated herein, issues an Order that requires the plaintiff to appear for an independent medical examination on October 4, 2006 at the office of Dr. Hyman Glick and compels the plaintiff to appear at defense

counsel's office for the reopening of his deposition at a time and date mutually convenient for the parties.  In addition, the defendant prays that this Honorable Court grant it a further extension of time to file its Opposition to plaintiff's Motion to Increase Maintenance and Cure and Request for Expedited Hearing by the Court no later than November 30, 2006.

    Respectfully Submitted,
**DEFENDANT**
**CLINTON & MUZYKA, P.C.,**

"/s/ Terence G. Kenneally"
**Thomas J. Muzyka**
**BBO NO. 365540**
**Terence G. Kenneally**
**BBO NO. 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
617-723-9165

Dated: September 14 2006

## LOCAL RULE 7.1(A)(2) CERTIFICATE

Boston, MA                                          September 14 2006

    I, Terence G. Kenneally, on September 14 2006 hereby certify that I telephoned plaintiff counsel's office regarding this Motion and conferred with Attorney Keane on its content.  I emailed a copy of this motion to Attorney Keane who confirmed that the plaintiff will not oppose the motion.  Therefore, I filed this motion with this Honorable Court.

    "/s/Terence G. Kenneally"