UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK SACO,            )<br>     Plaintiff.         )<br>                         )<br>                         )<br> v.                      )<br>                         )<br>                         )<br> TUG TUCANA CORPORATION, )<br>     Defendant.         ) | CIVIL ACTION NO.<br>03-12551-MBB |

**PLAINTIFF'S ADDENDUM TO HIS MOTION TO INCREASE MAINTENANCE
AND CURE**

Now comes the plaintiff and clarifies his Motion to Increase Maintenance.

Plaintiff would like to clarify several items contained in his Motion to Increase Maintenance and address issues raised in Defendant's Motion to Oppose Plaintiff's Increase of Maintenance. Furthermore, Plaintiff's deposition was taken on October 30, 2006 and additional information became available on expenses the Plaintiff has incurred.

Plaintiff filed his Motion to Increase Maintenance on or about August 9, 2006. At that time plaintiff was unaware of any Collective Bargaining Agreement in place at the time of plaintiff's incident. Plaintiff received a copy of a purported Collective Bargaining Agreement from defense counsel on October 18, 2006. Although the Defendant relies on the language contained in the Collective Bargaining Agreement with regard to Maintenance and Cure, the plaintiff respectfully disagrees. *See* Macedo v. F/V Paul & Michelle, 868 F.2d 519 (1st Cir. 1989) citing, Incandela v. American Dredging Co., 659 F.2d 11 (2d Cir. 1981), where the court rejected the union rate because the plaintiff was not a union member.

1

The up to date elements for which the plaintiff is entitled to maintenance payments is as follows[1]:

The following calculations are based on the time period from the date of the happening of the incident to today or 1285 days.

1. Rent - $962.00 per month divided by 2 (Mrs. Saco pays half the rent) equals 481.00 per month which equals $16.03 per day times 1285 which equals **$20,698.55**; See Plaintiff's Exhibit B.

2. Utilities – which includes gas and electricity equals $5.00 per day times 1285 equals **$6425.00**; See Plaintiff's Exhibit B.

3. Food - $100.00 per week which equals $14.29 per day times 1285 equals **$18,374.22**;

4. Transportation to medical only – fuel $30.00 per week which equals $4.29 per day which times 1285 equals **$5512.65;**

    vehicle insurance - $1202.00 per year which equals $3.30 per day times 1285 equals **$4240.00.** See Defendant's Exhibit D.

    Also, please note, the plaintiff has made no claim for vehicle payments with regard to his transportation costs.

    In addition to his incurred expenses, the Plaintiff also submits evidence of a Home Health Aide bill of $3930.00 (See Plaintiff's Exhibit C). During his period of convalescence, the plaintiff used the services of a Home Health Aide for

---

[1] As this court is already aware, "[t]he burden or producing evidence of expenses is 'feather light,' and a court may award reasonable expenses, even if the precise amount of actual expenses is not conclusively proved." Hall v. Noble Drilling (U.S.) Inc., 242 F.3d 582 (5th Cir. 2001).

help with daily living.

The defendant stopped paying Maintenance and Cure after the submission of Dr. Glick's independent medical exam on October 9, 2006. It should be noted that Dr. Glick merely says that Plaintiff cannot return to fishing but can do sedentary work. The issue, however, is further medical treatment and the treating physician prescribed on-going therapy which the defendant has refused to honor. The plaintiff's treating physician believes the ongoing treatment would improve his condition and be useful for rehabilitation and therefore more than palliative. See <u>RJF International Corporation For Exoneration From or Limitation of Liability</u>, 354 F.3d 104 (1st Cir. 2004).

**<u>Conclusion</u>**

Based on additional information compiled after the submission of plaintiff's Motion to Increase Maintenance the below numbers represent a fair and reasonable daily amount owed to the plaintiff:

1. Rent - **$20,698.55**
2. Utilities - **$6425.00**
3. Food - **$18,374.22**
4. Transportation
   Fuel **$5512.65**
   Insurance **$4240.00**

      **TOTAL**          **$55,150.42** -   Maintenance due

                             **$23,900.00** -   Maintenance received from defendant

      **TOTAL NOW DUE $31,250.42**

Since there is a contingent fee agreement in order that the plaintiff receive the full amount of the maintenance award and due to the defendants callous disregard of the plaintiff's rights, the judgment should include attorney's fees in the amount of one third of the sum to be paid to the plaintiff or the total sum of $46,875.63.

Respectfully Submitted,
PLAINTIFF,
By his attorneys,

/s/David B. Kaplan
DAVID B. KAPLAN
BBO No. 258540
BRIAN KEANE
BBO No. 656717
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue**,** Suite 301
Boston, MA 02210
(617) 261-0080

Date:  December 21, 2006